# Kuehlthau *v*. The State.

*Prosecution for Bastardy.*

1. *Judgment nunc pro tunc.*—In a statutory proceeding for bastardy (Code, §§ 4848–60), the clerk having neglected to enter up judgment at the trial term, the proper judgment may be entered *nunc pro tunc* at a subsequent term, when the trial docket shows entries in the handwriting of the presiding judge, in these words: "Demurrer to complaint overruled; jury and verdict in favor of State; the court fixes the sum of $50 *per annum* for ten years to be paid by defendant for support and education of child."

[Kuehlthau v. The State.]

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAS. B. HEAD.

The appellant, C. E. Kuehlthau, was arrested on a charge of bastardy, and, after examination before the justice of the peace, was bound over to the Circuit Court of Jefferson county. The case was placed on the trial docket of said Circuit Court, was called for trial and tried May 3d, 1890; and the jury returned a verdict in favor of the State. Certain entries were made by the trial judge on the trial docket, which entries were in words and figures as follows: "May 3d. Demurrer to complaint overruled, because no objection was made before justice, and because motion to quash is the proper remedy. Jury and verdict in favor of State. The court fixes the sum of $50 *per annum*, for ten years, to be paid by defendant for support and education of child." The clerk of the court failed to make any entry of the judgment rendered in the case during the Spring term, 1890, of the court—the term at which the trial was had. At the Fall term, 1890, of said Circuit Court, the solicitor, on behalf of the State, made a motion on the motion-docket of said court to have a judgment *nunc pro tunc* entered in the case. Notice was served on defendant of the pendency of said motion, and the same was heard. There was no conflict in the evidence; and upon the evidence, as adduced, the court granted the motion, and ordered a judgment *nunc pro tunc* to be entered in the case. From the granting of the motion, and the entry of the judgment *nunc pro tunc*, this appeal is prosecuted.

SMITH & LOWE, for appellant, cited *Browder v. Faulkner* 82 Ala. 257; *Herring v. Cherry*, 75 Ala. 376; *Ex parte Gilmer*, 64 Ala. 235; *Dickens v. Bush*, 23 Ala. 849; *Perkins v. Perkins*, 27 Ala. 479; *Metcalf v. Metcalf*, 19 Ala. 319; Code, § 4854; Freeman on Judgments, §§ 61, 62; 1 Black on Judgments, §§ 130–135.

WM. L. MARTIN, Attorney-General, for the State, cited *Herring v. Cherry*, 75 Ala. 376; *Smith v. State*, 73 Ala. 11; *Whorley v. M. & C. R. R. Co.*, 72 Ala. 20; *Norton v. Sanders*, 7 J. J. Marsh (Ky.) 12.

McCLELLAN, J.—In bastardy proceedings, but two questions are committed to the determination of the trial court. The first of these is, whether the defendant is the father of the the child or not; and this is determinable by the jury, when a jury is demanded. If this issue is found against the defendant, it then becomes the duty of the court to determine the

[Kuehlthau v. The State.]

second matter, which is as to the amount *per annum* he shall be required to pay for the support of the child, within a maximum limit of fifty dollars. The conclusion of the jury, under the direction of the court, on the question of paternity, and of the court fixing the sum to be paid annually by the father, are the essentials and only essentials of a judgment in such proceeding, when jurisdiction to hear and determine it has attached. Everything else necessary to be done in the proceedings, and the manner of doing it, covering the initiation, prosecution and effectuation of the remedy, is prescribed by the statute.—Code, §§ 4842, *et seq.* It follows that, on a motion to enter a judgment *nunc pro tunc* against the defendant in this proceeding, the evidence needs show only a jury and verdict determining the issue of paternity against the alleged father, and the determination of the trial judge as to the amount *per annum* to be paid by the defendant. With these facts in evidence, the law itself directs the judgment which shall be entered.—Code, § 4854. It is not, of course, to be doubted that competent and, when they have been made, the best evidence of these facts on such motion, are the bench notes of the judge entered, at the time of the hearing, on the trial docket of the court against the case as thereon entitled and set forth—1 Black on Judgments, § 135; *Whorley v. M. & C. R. R. Co.*, 72 Ala. 20; *Bramlet v. Pickett*, (note), 12 Am. Dec. 352–3; 18 Am. & Eng. Ency. of Law, pp. 80, 81, 82.

In the case at bar, these entries by the presiding judge show that a jury came, and returned a verdict in favor of the State. But one issue, as we have seen, could have been submitted to the jury, namely, whether the defendant is the real father of the child or not.—Code, § 4851. That issue is between the State and the defendant. It is to be assumed that that was the issue upon which the trial was had, and that the verdict was responsive to it. The finding of that issue in favor of the plaintiff, the State of Alabama, is the manifest equivalent of a verdict ascertaining that the defendant is the father of the bastard. This, therefore, is a full and complete showing as to the determination of the main question, that of paternity, against the defendant. The only factor, not supplied by the statute, then lacking to a perfect direction to the clerk of the court to enter judgment on the records, is supplied by the further docket entry: "The court fixes the sum of $50 *per annum*, for ten years, to be paid by the defendant for the support and education of the child." The two entries fully evidence a verdict found and judgment thereon pronounced. As to the record form and contents of such judgment, the statute specifically provides. The entry thereof was a mere clerical duty

[Ex parte Cowert.]

of the clerk, guided and directed by these entries, covering and determining all the issues committed to the court and jury, and by the statute as to every requisite of the judgment except these issues. These entries and the law, in other words, "show what the judgment should have been, and what the court must be presumed to have intended it should be;" and it became the clerk's duty to enter on the records such judgment as the law required should be entered, upon the finding of the issues in the case, in the manner evidenced by these bench notes.—*Norton v. Sanders*, 7 J. J. Marsh (Ky.) 12.

This clerical duty having been omitted at the term of the court at which it should have been discharged, there can be no doubt of the court's power to order the entry of record to be made at a subsequent term, the law and the evidence furnishing the *data* necessary to the exercise of the power. 1 Black on Judgments, § 130 ; 10 Am. & Eng. Ency. of Law, p. 81 ; Freeman on Judgments, §§ 71, 72. And the entry which was ordered to be made, and was made *nunc pro tunc*, sets out in all respect the judgment, and the only judgment, which, under the law and the findings of the court and jury, could have been entered in the cause, treating, as we feel justified in doing from the whole record before us, its requirements that the bond provided for therein should be approved "by the judge of this *county*," to involve a misprision of the copyist who prepared this transcript, whereby "*county*" was inserted for the word "*court.*"

Affirmed.