## GUY v. STATE.    (1 Div. 565.)

(Court of Appeals of Alabama.  Nov. 25, 1924.)

**1. Bastards ☞59—Sexual acts with parties other than reputed father during period of gestation may be shown.**

In bastardy proceedings, acts of sexual intercourse with other parties during period of gestation may be shown, for purpose of showing that another than defendant may be father of the child.

**2. Bastards ☞59—When sexual acts with another several years previous may be shown stated.**

Acts of sexual intercourse with another than defendant, occurring several years previous to birth of child, forming basis of bastardy proceedings, may be shown, if intimacies and opportunities continued until after such child was begotten.

**3. Bastards ☞59—Defendant may show prosecutrix's association with another man on occasions affording opportunity for illicit relations.**

Where state has proven defendant's association with prosecutrix about probable date of conception, in bastardy proceedings, defendant may introduce evidence that about same time prosecutrix associated with another man on occasions and under circumstances affording opportunity for illicit relations.

**4. Bastards ☞59—Want of chastity sufficiently proved by declarations of prosecutrix.**

If want of chastity is a material inquiry requiring proof in bastardy proceedings, it was sufficiently proven by prosecutrix's declarations that she was a single woman and the mother of a bastard child and evidence that she had another bastard child was not admissible.

**5. Witnesses ☞344(1), 361(1)—Character of witness may not be shown by proof of particular acts or conduct.**

Good or bad character of a witness to fortify or impeach his testimony may not be shown by proof of particular acts or conduct.

**6. Witnesses ☞333—General reputation or character provable.**

It is competent to discredit a witness by attacking his general reputation or character.

**7. Witnesses ☞344(2)—Proof that prosecutrix in bastardy proceedings had another bastard child held incompetent.**

In bastardy proceedings, proof that prosecutrix had another bastard child was incompetent to go to her credibility as a witness, and cross-examination as to such fact was properly excluded.

**8. Bastards ☞59—Proof that prosecutrix had another child not admissible as tending to prove her a married woman.**

In bastardy proceedings, proof that prosecutrix had another child was not admissible as tending to prove that she was a married woman; presumption of legitimacy being overcome by di-

---

rect and positive proof, which was uncontradicted, that she was unmarried.

**9. Bastards ☜59—Cross-examination of prosecutrix as to when she last saw one other than defendant held properly excluded.**

In bastardy proceedings, cross-examination of prosecutrix as to when she had last seen one other than defendant was properly excluded, where there was no offer to show that such person was father of another bastard child, and that his relations with her continued until conception of bastard child in question, and such person testified that his intercourse with her occurred after time of conception, as shown without dispute.

**10. Bastards ☜59—Immaterial who has had intercourse with prosecutrix after conception.**

In bastardy proceedings, it is immaterial who has had intercourse with prosecutrix after conception.

**11. Bastards ☜59—Prosecutrix's intimacy with other men during gestation properly shown.**

In bastardy proceedings, it was relevant to show that prosecutrix consorted with other men during period of gestation.

**12. Bastards ☜59—Prosecutrix's attendance at churches and picnics, not showing intimacy with other men, held not admissible.**

In bastardy proceedings, evidence of prosecutrix's attendance at churches and picnics was properly excluded, where it did not tend to show that she went with other men, and that she was probably intimate with them.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Sherman Guy was convicted of bastardy, and he appeals. Affirmed.

Outlaw & Kilborn, of Mobile, for appellant.

Defendant should have been permitted to ask the prosecutrix the question, whether she had had any other children. State v. Woodworth, 65 Iowa, 141, 21 N. W. 490; State v. Borie, 79 Iowa, 605, 44 N. W. 824; Odewald v. Woodsum, 142 Mass. 512, 8 N. E. 347; Easdale v. Reynolds, 143 Mass. 126, 9 N. E. 13; 40 Cyc. 2616; Campbell v. State, 23 Ala. 44; Wilkinson v. Adam, 1 Ves. & B. 422; Caujolle v. Ferrie, 23 N. Y. 91. It was error to sustain the state's objection to the question, asked prosecutrix, when she had last seen Osley. 40 Cyc. 2481; Nolan v. State, 207 Ala. 663, 93 So. 529; Hood v. State, 18 Ala. App. 287, 92 So. 30. Likewise as to the question whether prosecutrix would go around to churches and picnics.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The appellant was charged with bastardy, upon complaint made by Min-nie McCants. A hearing was had before Hon. Norborne R. Clarke, judge of the inferior criminal court of Mobile county, and upon said hearing the appellant was held to the circuit court of Mobile county. In the circuit court the issue was found in favor of the state by a jury, and the judgment required that appellant enter into the statutory bond for the support of the child. Failing to give such bond, appellant was sentenced to perform hard labor for the county of Mobile for one year. From this judgment appellant prosecutes his appeal.

On cross-examination, counsel for defendant asked the prosecuting witness, Minnie McCants: "Have you had any other children?" The solicitor for the state objected to the question. Counsel for defendant thereupon stated to the court that he expected to show by other witnesses that they had had intercourse with her; that she had another bastard child previously as going to the credibility of the witness, and also for the purpose of showing that she was a lewd character, and as affecting the question as to whether or not she was a single woman. The court sustained the objection, and the defendant reserved an exception to this ruling of the court.

[1-3] It is always permissible, in bastardy proceedings, to show acts of sexual intercourse with other parties during the period of gestation, for the purpose of showing that another than the defendant may be the father of the child. And acts of sexual intercourse of another than the defendant occurring several years previous to the birth of the child in question may be shown, if it is also shown that his intimacies and opportunities continued until after the child in question was begotten. The fact of prior misconduct of the prosecutrix with another man, and the continuance of his visits to her up to and at the time of the conception of the child in question, would be a material aid in determining the probabilities of misconduct at the latter time, and such facts are admissible in evidence, so that the jury may determine if another than the defendant was the father of the child. Where the state has proven the defendant's association with the prosecutrix about the probable date of conception, it is competent for the defendant to introduce evidence that about the same time prosecutrix associated with another man, on occasions and under circumstances affording opportunity for illicit relations. Allred v. State, 151 Ala. 125, 44 So. 60; Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25.

But in the instant case the offer was not to show who was probably the father of the first bastard child, and the continuance of illicit relations to the time the child in question was begotten, or that the other man or

other men visited her during the time of gestation. Evidence that another man was consorting with prosecutrix at a time not within the period of gestation was immaterial. Allred's Case, supra. Acts of illicit intercourse between prosecutrix and other men must be confined, in evidence, to a time within which the child could have been conceived. Brantley. v. State, 11 Ala. App. 144, 65 So. 678. It is not allowable to show unchaste conduct of the prosecutrix with other men, unless it has a bearing on the paternity of the child. 7 Corpus Juris, p. 989, note 86.

- Appellant's counsel cite the case of Campbell v. State, 23 Ala. 44, as authority on the proposition that proof of a former bastard child was permissible as going to the credibility of the prosecuting witness. Chief Justice Chilton said in that case that, on cross-examination of a single woman as a witness, proof that she had children was competent as tending to establish the fact of her being a prostitute. It may be inferred from the decision on the point that the fact of a single woman having children was material on the question of her credibility as a witness. No authority is cited by the Chief Justice, and, so far as we have been able to find, this decision stands alone in Alabama in the rule laid down.

In Reeder v. State, 210 Ala. 114, 97 So. 73, Justice Thomas, speaking for the court, says:

"The questions to Mrs. Morgan, sought to be propounded by defendant, as to whether or not she had ever been married, and of the nature of her private relations, or of the parentage of her children, were immaterial."

Mrs. Morgan was a witness for the state, and the questions propounded were for the purpose of going to the credibility of the witness. This case is in direct conflict with the Campbell Case, supra, and the Reeder Case is in line with the later decisions of the Supreme Court, and with the great weight of authority.

[4] If want of chastity is a material inquiry requiring proof, it was sufficiently proven by the declaration of the prosecutrix that she was a single woman and the mother of a bastard child.

Good character of the prosecutrix for virtue and chastity was not a material issue in the case. Underhill, Cr. Ev. § 531; Jones on Ev. § 153. A predicate as to immaterial matter should not be allowed for the purpose of impeaching a witness. Ragland v. State, 125 Ala. 12, 27 So. 983.

In Allred v. State, 151 Ala. 125, 44 So. 60, it was held that evidence of acts of intercourse with other men outside the period of gestation although offered for the purpose of contradicting prosecutrix in the statement that she had never had intercourse with a named person, was immaterial and properly excluded.

[5] The principle is well settled that good or bad character of a witness to fortify or impeach his testimony may not be shown by proof of particular acts or conduct. Lowery v. State, 98 Ala. 45, 13 So. 498; Walker v. State, 91 Ala. 76, 9 So. 87; Morgan v. State, 88 Ala. 223, 6 So. 761; Nugent v. State, 19 Ala. 540; Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L. R. A. 301.

In Ward v. State, 28 Ala. 53, after an examination and citation of the principal authorities, a majority of the court ruled the proper inquiry on impeachment of a witness was as to the general character of the witness, not restricted to truth and veracity; Rice, C. J., saying:

"It is certainly unjust that a witness who has made no general character as to truth, but whose general character is notoriously bad and infamous, should be protected by any such restriction as is now under discussion, and be thereby enabled to obtain equal credit with a man of unsullied * * * character."

This decision was reaffirmed in De Kalb County v. Smith, 47 Ala. 407. And Brickell, C. J., in Holland v. Barnes, 53 Ala. 83, 25 Am. Rep. 595, approving the above decisions, says:

"All the authorities concur that the examination must be confined to the general reputation of the witness. Inquiry as to particular immoral conduct, or a want of virtue in any one particular, is not allowable. * * * A notorious want of chastity in a female would assuredly blight her general reputation, and destroy all confidence in her virtue in any respect. The bad character she would certainly obtain could be then given in evidence to impeach her, but not the cause producing it."

[6] The rule is well established that it is competent to discredit a witness by attacking his general reputation or character, but particular independent facts cannot be proved for this purpose. Woodward v. State, 19 Ala. App. 577, 99 So. 156; Crawford v. State, 112 Ala. 1, 21 So. 214; McQueen v. State, 108 Ala. 54, 18 So. 843; Standard Oil Co. v. Carter, 210 Ala. 572, 98 So. 575. Proof that prosecutrix had another bastard child is not competent to go to the credibility of the witness, and the court did not err in refusing to allow such evidence.

[7] Counsel for appellant contend that the evidence offered was admissible as tending to prove that the witness was a married woman. If it be conceded that the presumption of law is that a child is legitimate, such presumption was overcome by direct and positive proof, which was uncontradicted, that the woman was unmarried.

[8-10] The second assignment of error relates to the refusal of the court to allow the defendant, on cross-examination of the complainant to ask: "When did you last see Louis Osley?" There was no offer to show that Louis Osley was the father of the first bastard child, and that his intimate relations

with the complainant continued from time to time until the conception of the bastard child in question. Louis Osley was afterwards examined, and testified that he had intercourse with the woman in August, 1922, but not in July, 1922. The time of conception was, without dispute, between July 1 and July 21, so, if the purpose of the question was to impeach the witness, it was on an immaterial issue, as acts of intercourse after the period of gestation were not material. It is immaterial who has had intercourse with the prosecutrix after conception.

[11, 12] It was relevant to show that the complainant consorted with other men during the period of gestation, but the court did not err in sustaining objection to the question: "She would go around to churches and picnics?" The evidence elicited did not tend to show that she went to churches and picnics with other men, and was probably intimate with them.

We find no error in the rulings of the court on the admission of evidence, and no error in the record.

The judgment of the circuit court is affirmed.

Affirmed.