(108 So. 652)
**ROYER v. STATE.** (8 Div. 413.)

(Court of Appeals of Alabama. March 16, 1926. Rehearing Denied May 11, 1926.)

**1. Bastards ⊜⇒40—Original affidavit of complainant in bastardy proceedings held sufficient, though crudely drawn and badly worded.**

Original affidavit in bastardy proceeding, alleging that complainant was single woman, had delivered bastard child within 12 months of making affidavit, and that defendant was father thereof, concluding with, "against peace and dignity of state," together with signature of complainant and jurat of officer, held sufficient, though crudely drawn and badly worded.

**2. Jury ⊜⇒136(2).**

In drawing jury in bastardy proceeding, defendant is not entitled to two strikes to state's one, but jury must be selected as in civil causes.

**3. Bastards ⊜⇒59—In bastardy proceeding, attempted inquiry as to whether prosecutrix had formerly had miscarriage held irrelevant.**

In bastardy proceeding, where prosecutrix had not put in evidence denial of act of intercourse with others, attempted inquiry as to whether she had formerly had miscarriage held inadmissible and irrelevant.

**4. Bastards ⊜⇒59—In bastardy proceeding, inquiry as to intercourse with another at time when child could not have been conceived held not competent.**

In bastardy proceeding, inquiry as to whether prosecutrix had had intercourse with another at certain time held not competent, where child could not have been conceived at such time.

**5. Bastards ⊜⇒59.**

In bastardy proceeding, virtue of complainant is not subject of proper inquiry.

**6. Witnesses ⊜⇒358—Where defendant sought to impeach prosecutrix in bastardy proceeding by testimony of her bad character, cross-examination of witness showing his testimony was predicated on lack of virtue held proper.**

Where defendant attempted to impeach character of complainant in bastardy proceed-

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing, cross-examination by state showing that testimony of impeaching witness was based on prosecutrix's lack of virtue *held* proper.

**7. Bastards ⬳54, 64.**

In bastardy proceeding, evidence of guilt must reasonably satisfy jury, and burden thereof is on prosecution.

**8. Bastards ⬳64.**

In bastardy prosecution, proof beyond reasonable doubt is not required.

**9. Bastards ⬳71.**

Refusal of charges not predicated upon consideration of evidence adduced at trial *held* proper.

**10. Bastards ⬳71.**

Refusal of elliptical charge, substance of which was also fairly and substantially covered by oral charge and given charge *held* not erroneous.

**11. Bastards ⬳70.**

In bastardy proceeding, where evidence was conflicting, defendant *held* not entitled to general affirmative charge.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Bastardy proceeding by the State against Dewey Royer. From a judgment against defendant, he appeals. Affirmed.

Sample & Kilpatrick, of Hartselle, for appellant.

The affidavit in the justice court was void. Guy v. State, 20 Ala. App. 374, 102 So. 243; Allred v. State, 151 Ala. 125, 44 So. 60; Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25. It was error to permit the cross-examination of the witness West. Ward v. State, 28 Ala. 53; Holland v. Barnes, 53 Ala. 83, 25 Am. Rep. 595; Lowery v. State, 98 Ala. 45, 13 So. 498. The affidavit being void the circuit court acquired no jurisdiction. Code 1923, § 3416; Williams v. State, 29 Ala. 9; Collins v. State, 78 Ala. 434; State v. Woodson, 99 Ala. 202, 13 So. 580. Reasonable certainty is the measure of proof required in cases of this kind. Holston v. State, 16 Ala. App. 30, 75 So. 175; Bell v. State, 124 Ala. 94, 27 So. 414; Miller v. State, 110 Ala. 69, 20 So. 392.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The affidavit, while defective in form, was not void. Austin v. Pickett, 9 Ala. 102; Dorgan v. State, 72 Ala. 176; Trawick v. Davis, 4 Ala. 328; Laney v. State, 109 Ala. 34, 19 So. 531. The court did not err in the number of strikes allowed defendant. Dorgan v. State, 72 Ala. 173; Smith v. State, 13 Ala. App. 411, 69 So. 406. There was no error in the rulings complained of in assignments 4 and 5. Smith v. State, supra; Brantley v. State, 11 Ala. App. 144, 65 So. 678; Guy v.

State, 20 Ala. App. 374, 102 So. 243. The character of the prosecutrix for virtue and chastity was not in issue. Smith v. State, 13 Ala. App. 411, 69 So. 406. The measure of proof in such cases is reasonable certainty, or that the jury be reasonably satisfied. Bell v. State, 124 Ala. 94, 27 So. 414; White v. State, 170 Ala. 1, 54 So. 430.

BRICKEN, P. J. Appeal in bastardy. Errors assigned as the law requires.

Assignments 1 and 2 are predicated upon the rulings of the court upon the complaint filed by the solicitor in the circuit court. It is not contended that this complaint was lacking in form or substance, but it is insisted that it was not allowable for the reason that the original affidavit was void, and, being void, conferred no jurisdiction upon the justice or the circuit court. The affidavit before the justice, as shown by this record, was as follows:

"Affidavit.

"State of Alabama, Lawrence County.

"W. R. Harris, Beat 7, in Justice Court of Lawrence County.

"The State of Alabama v. Dewey Royer.

"Before me, W. R. Harris, a justice of the peace in and for said beat and county and state, personally appeared Edna May Rhodes a single woman, who was delivered of a bastardy child in Lawrence county, Alabama, within twelve months before the making of this affidavit and that Dewey Royer is the father of said child.

"Against the peace and dignity of the state.
                              "Edna Mae Rhoades.

"Sworn to and subscribed this the 28th day of February, 1925.                    W. R. Harris,
                              "Justice of the Peace.

"Filed, May 18, 1925."

[1] It cannot be doubted that this affidavit was crudely drawn and badly worded; yet it does contain the essential averments under the statute: (1) "That complainant was a single woman; (2) and had, within twelve months before making the affidavit, been delivered of a bastard child in Lawrence county; (3) and that Dewey Royer [this defendant] is the father of said child;" the affidavit concluding "against the peace and dignity of the state." Then follows the signature of the complainant, "Edna Mae Rhoades," followed by the jurat of the officer, "W. R. Harris, justice of the peace." We cannot accord to appellant's insistence in this connection, even though, as stated, the affidavit is worded crudely and badly. Technical rules are not required in proceedings of this character. Moreover, it has been expressly held that:

"The complaint before the justice is not required to be in writing; it may be oral or written. It serves all the purposes intended, if it induces the issue of process for the arrest of the defendant." Laney v. State (by Brickell,

C. J.) 109 Ala. 34, 38, 19 So. 531, 532, and cases cited.

[2] Appellant next complains, by assignment of error numbered 3, that the court erred in refusing to allow defendant two strikes to the state's one, in the selection of a jury to try this cause. There is now no express statutory provision for the selection of a jury in bastardy proceedings, and, in the absence of such statutory regulation or provision, the jury must be selected as in trial of civil causes. Dorgan v. State, 72 Ala. 173; Smith v. State, 13 Ala. App. 411, 69 So. 406. It follows that this assignment cannot avail the defendant.

[3, 4] The rulings of the court complained of in assignments of error numbered 4 and 5 were without error. It was immaterial, on the trial of this cause, whether prosecutrix had formerly had a miscarriage or not. Of course, if she had given evidence to the fact that she had never had intercourse with any man other than defendant, and had fixed the time of such acts of intercourse with defendant, it would have been permissible to contradict her by showing she had formerly miscarried, but, under the issues involved upon the trial here, the attempted inquiry by defendant was inadmissible and irrelevant. So also, was the inquiry as to whether or not the prosecutrix had had intercourse with one Arthur Kennedy at a singing at Jack McClarity's in August 1923, for in order to render such evidence competent it must be confined to a time within which the child could have been conceived. Here it appears affirmatively that the question propounded sought to elicit evidence relative to sexual intercourse between the prosecutrix and another at a time when such intercourse, in the course of nature, could not have resulted in the conception complained of, and with which this appellant was charged.

[5, 6] Assignments 6, 7, and 8 relate to the rulings of the court upon the testimony of Davis West, an uncle of defendant, by whom the defendant attempted to impeach the prosecutrix, and in this connection said witness on direct examination testified, among other things:

"I have known Edna Mae Rhodes about two years. I know her general character in that community from what folks say. I have formed a judgment and opinion of her character. Her character is bad."

The proper inquiry would have been as to the general character of the person sought to have been impeached in the community where she lived or was known. However, no objections were interposed by the state to these questions or answers, but the court properly allowed the state, upon cross-examination of witness Davis West, to test his knowledge of the matters to which he had sworn on his direct examination, and from such cross-examination it clearly appeared that his testimony was based upon certain traits of character not a proper subject of inquiry; that is to say, it is manifest that his alleged knowledge of the character of prosecutrix was predicated upon her lack of virtue, and it is elementary that upon the trial of bastardy virtue of complainant is not the subject of proper inquiry. Furthermore, as these matters appear of record, no grounds of objection were stated, and the motions to exclude were also without stated grounds. The court committed no error in these rulings.

[7] The measure of proof necessary to warrant or authorize a conviction in a prosecution for the offense here charged, bastardy, is that the evidence must reasonably satisfy the jury of the guilt of the defendant, and to this extent the burden of proof is on the prosecution. It follows that there is no merit in assignment of error numbered 9, which relates to an exception to a portion of the oral charge of the court, wherein the court stated to the jury:

"If the evidence reasonably satisfies you that the defendant is the father of the child, then gentlemen it would be your duty to so find."

[8] The assignments of error, viz. 10 to 21 inclusive, are based upon the refusal of special written charges requested by defendant. As hereinabove stated, the measure of proof in a bastardy proceeding does not require that the evidence shall satisfy the jury to a moral certainty, or beyond a reasonable doubt, that the defendant is the father of the bastard child before they can so find by their verdict. Charges 1, 2, 3, 4, 5, and 11, therefore were properly refused, each of them being based upon a reasonable doubt.

[9] Refused charges 6, 7, 8, 9 are not predicated upon a consideration of the evidence adduced upon the trial of this case; they were therefore properly refused.

[10] Charge 10 is elliptical. However, the substance of this charge and also that of refused charge 11 was fairly and substantially covered by the court's oral charge, and by given charge No. 2.

[11] Under the conflicting evidence in this case, the defendant was not entitled to the general affirmative charge. Refused charge 12 is of this character and was properly refused.

We do not regard the court's ruling in denying the motion for a new trial as error.

No error appearing, the judgment appealed from will stand affirmed.

Affirmed.