(118 So. 500)

McFARLAND v. STATE. (2 Div. 395.)

Court of Appeals of Alabama. Nov. 8, 1928.

610

Arthur W. Stewart, of Marion, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. ▆ Count 1 of the indictment, under which this appellant was convicted, charged him with the possession of a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages, the offense denounced in section 4656 of the Code 1923. The crime provided by said section contemplates, and has been construed to mean, a complete still, apparatus, appliance, or device or substitute therefor to be used for the purpose of manufacturing any prohibited liquors or beverages. However, on the trial of a person charged with this offense, section 4657 of the Code 1923 provides a rule of evidence to the effect that the unexplained possession of any part or parts of a still, apparatus, or appliance, or any device or substitute therefor, commonly or generally used for, or that is suitable to be used in, the manufacture of prohibited liquors and beverages shall be prima facie evidence of the violation of the offense prescribed and denounced in the former section of the Code, to wit, section 4656. This case falls within the terms of said latter section, for it is not contended that a still, complete in all its details, was found in the possession of this appellant. The state relies upon the testimony of its several witnesses which tended to show upon the occasion in question this appellant and another were present at, and exercising dominion over and possession of, an incomplete still and other component parts thereof. The still was described as "a large galvanized tank, oblong in shape, three feet in diameter and about three feet long, the capacity of which was from 150 to 200 gallons." The tank when first found was over a hole which had ashes in it, and the tank contained mash made of meal, water, and sugar. The mash was working slightly and ready to run. Witness Grantham testified:

"This tank I have described is suitable to be used in the manufacture of alcoholic liquors."

By this evidence, and other of similar import (if believed by the jury under the required rules) a prima facie case was established, and thereafter the material inquiry was whether or not the accused (appellant) was in possession of the contraband articles, or parts of the still.

In this connection the evidence is without dispute that the arresting officers arrived at the still place very early in the morning and secreted themselves nearby, and afterwards this appellant and one Latham came to the still, and that defendant changed the clothes he wore and put on other clothes already there, that a fire was started under the tank or still, and that the defendant stirred the contents therein and also punched up the fire. The accused himself testified that—

"I changed clothes and then began to stir this stuff in there. I also punched up the fire one time."

He also testified that he had been to this place two days before. At the approach of the officers the defendant immediately ran away and escaped, leaving his clothes and pocket book, with defendant's name on it, and in which there was $40. On cross-examination of defendant he testified:

"It is a fact that I made a fire under that stuff, that I stirred that stuff, and that I was there some ten or fifteen minutes before the officers came in on us."

The defendant, however, denied that he carried the contraband articles down there, or that he owned any part of them, or that he was making whisky, etc. A prima facie case having been established by the evidence, a jury question was presented. The incriminating facts and circumstances shown by the evidence were entirely too numerous to entitle the defendant to the general affirmative charge, which charge appears to have been requested in the same language twelve different times.

The several exceptions to the court's rulings upon the admission of evidence are so clearly without merit they require no discussion.

It was not only the prerogative of the court to propound questions to witnesses during the progress of the trial, but it was the court's duty so to do, if he deemed it necessary in order to elicit proper evidence bearing upon the issues involved. The exceptions reserved in this connection are untenable and of no avail to appellant.

Refused charge 1 was fairly and substantially covered by the oral charge. The court was therefore under no duty to give said charge. The same applies to refused charge A. Charge 19 refused to defendant was properly refused as being an argument merely. An argumentative charge need not be given, even if the principle of law stated therein is sound.

The evidence on the question of the good character of the accused was not in conflict, yet there was no admission upon the part of the state that the defendant in the case was a man of good character. That question was for the jury as the credibility and probative force of the evidence on this question was for the jury, and was wholly within their province. This, together with the fact that the principle of law attempted to be stated in refused charge 3 was fairly and substantially covered by the oral charge of the court, made the refusal of said charge proper.

After a consideration of every question presented on this appeal, we conclude there was no error of a reversible nature. The evidence was, as stated, of such nature as required its submission to the jury. In our opinion it was ample to sustain the jury in rendering the verdict of guilty as to the first count, and, consequently, to support the judgment of conviction pronounced and entered.

That judgment is affirmed.

Affirmed.