177 So. 311

### HARRIS v. STATE.

8 Div. 575.

Court of Appeals of Alabama.

Oct. 26, 1937.

Rehearing Stricken Nov. 16, 1937.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Francis. M. Kohn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

There are many assignments of error in this record relative to the admission of testimony as to cohabitation between the woman (prosecutrix) and men other than the defendant. Without going into a detailed discussion of the various

rulings of the court upon this subject, we may dispose of all of them with the following observation: The court confined the inquiry as to other acts of intimacy between the prosecutrix and parties other than the defendant to the period of gestation; that is, to a period during which the pregnancy might have taken place. This was proper, and the exclusion of other testimony as to the acts of prosecutrix would be illegal, immaterial, and irrelevant to this issue.

 Under the statute, Code 1923, § 3416, there is but one issue before the jury, and that is the paternity of the child. Kuehlthau v. State, 92 Ala. 91, 9 So. 394. And while it is true, as pointed out in numerous decisions, such cases are quasi-criminal, nevertheless, the rules as to evidence, character, pleadings of counsel, etc., are governed by rules of civil procedure. Miller v. State, 110 Ala. 69, 20 So. 392.

 It is urgently insisted by counsel for appellant that the prosecutrix testified on behalf of the state, and nowhere specifically testified that the defendant was the father of her child. And counsel urges that there are certain facts in connection with a case of this sort, of such common knowledge, as that the court will take judicial notice in rendering its decision. One of these insistences is that there is a period of two weeks in each month during which women do not conceive. Many volumes have been written by scientists discussing this miracle of nature, and some of them do advance the theory of a period during which conception is less likely, but there is nowhere such common knowledge as would warrant this court in knowing there was, or is, such a period. We do know, from the universal experience of the human race, that an intercourse between a woman of the age of twenty and a man of the age of twenty-three is liable to create pregnancy, and where the evidence discloses that during a period of three months the woman only had intercourse with one man, and pregnancy occurred, it excludes the idea of paternity from other than such man who had such intercourse. While there was no direct statement by the prosecutrix, that the defendant was the father of her child, she did testify that from July, 1935, through a period of normal gestation, she had no intercourse with any man other than the defendant, and that one of these occasions was on September 7th, and in almost exactly nine months from that date her baby was born.

 There was some evidence tending to corroborate the prosecutrix, and there was much evidence tending to corroborate the defendant's testimony, that he did not have intercourse with the prosecutrix at the time testified to by her, and there may be some unreasonableness in the way and manner in which she testified that the intercourse occurred, but those were questions for the jury; and this court is not authorized to set aside the verdict of the jury and the judgment of the trial judge upon a question of disputed fact, unless the rulings were so overwhelmingly against the weight of the evidence as to shock the judicial conscience.

We have examined this record and each exception, and the rulings of the court upon admission of testimony, and we find no prejudicial error.

 It may be observed that in all cases of bastardy, where the woman has been guilty of promiscuity at times other than the period fixed by her in her testimony in fastening the paternity of the child upon some one individual, there is always more or less uncertainty. This emphasizes the importance of having the questions passed upon by a jury of twelve men, who have before them all of the parties, and to observe the manner of their testimony and the conditions surrounding the transaction.

The judgment of the circuit court is affirmed.

Affirmed.