4 So.2d 190

**EASON v. STATE.**

**5 Div. 121.**

Court of Appeals of Alabama.

May 20, 1931.

Rehearing Denied June 24, 1941.

Richard H. Cocke, of Alexander City, R. S. Milner, of Birmingham, and Pruet & Glass, of Ashland, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

**SIMPSON, Judge.**

Bastardy prosecution under Chapter 85, Code 1923, Sections 3416 et sequitur, Code 1940, Tit. 6, § 1 et seq. From an adverse judgment, upon trial in the circuit court, the defendant appeals to this court.

There was a material conflict in the evidence. That for the State substantially proved each element of the charge, whereas the testimony of the defendant and his witnesses supported his claim of innocence. In such circumstances, the court acted correctly in submitting the case to the jury for decision. There was no impropriety, therefore, in refusing to the defendant his request for a directed verdict. The later overruling of his motion for a new trial was also without error. McClain v. State, Ala.App., 1 So.2d 36;[1] Corona Coal Co. v. Sexton, 21 Ala.App. 51, 105 So. 716, certiorari denied 213 Ala. 554, 105 So. 718; Powell et al. v. Pate, ante, p. 10, 1 So.2d 36.

The testimony of prosecutrix, that "at the time I had sexual intercourse with the defendant I was not married; I was a single woman at that time", constituted sufficient proof of her status as a single woman to satisfy the requirement of the statute. Code, supra, Section 3416.

Able counsel for appellant urge that we predicate a reversal upon the action of the trial court in allowing the prosecutrix, by her denials of the truth thereof, to impeach the testimony in the showings for three absent witnesses, introduced in evidence by the defendant with the consent of the State. The cases cited in support are not instantly apposite.

A party who, in order to avoid a continuance, admits that an absent witness would testify to certain facts is not, as a rule, thereby precluded from disproving such facts by refutable testimony. Although it is not permissible to impeach such witness by proof of contradictory statements because, manifestly, the necessary predicate cannot be laid, (Gregory v. State, 140 Ala. 16, 37 So. 259; Gafford v. State, 125 Ala. 1, 28 So. 406), yet the admission that the witness, if present, would give certain testimony is not an admission of the truth thereof or that such testimony is indisputable. The legal effect of such showing is the admission by the opposite party that, if present, the witness would so testify, not that such testimony is true. Smith v. State, 142 Ala. 14, 26, 39 So. 329; Burris v. Court, 48 Neb. 179, 66 N.W. 1131; United States v. Taylor, C.C., 35 F. 484; 2nd Wigmore on Evidence, §§ 888, 2595; 70 C. J. p. 1160, § 1343.

Giving application here of this principle, it was competent, therefore, for the prosecutrix, in rebuttal, to testify in denial of the truth of the statements in the showing, such as that she had indulged in coition with one other than the defendant during the gestation of the present bastard.

We have given careful consideration to the case, in the light of the brief and argument of learned counsel, and are unable to discover error. We think the findings below should be upheld. The judgment must be affirmed.

Affirmed.

[1] Ante, p. 88.

226

On Rehearing.

PER CURIAM.

The verdict of the jury was as follows: "We, the jury find the defendant, A. D. Eason, the father of the bastard child, Clara Mae; H. O. Dean, foreman."

For the first time during the entire progress of the proceedings, the appellant, now on application for rehearing, claims that such error prevailed in the form of the verdict aforesaid as would preclude the rendition of a proper judgment thereon. And this is the sole point now urged.

■ The merits of the question aside, there is no basis for a review of the point, there being no assignment of record asserting error in this regard. The rule of waiver is clearly applicable. Williams v. State, 117 Ala. 199, 23 So. 42; Harris v. State, 28 Ala.App. 23, 25, 177 So. 311; Whorton v. State, 28 Ala.App. 107, 179 So. 398; Griffin v. State, 28 Ala.App. 366, 184 So. 284.

■■ No such contention of error was presented in brief and argument upon original submission, and the rules of procedure in civil actions are governing. The point having been first raised here on this application for rehearing, the waiver is conclusive. Holloway v. Calvin, 203 Ala. 663, 665, 84 So. 737; Hamilton v. Cranford Mercantile Co., 201 Ala. 403, 78 So. 401; Smith Lumber Co. v. McLain, 202 Ala. 32, 79 So. 370.

■ Moreover, we are not impressed with the instant argument. In oral charge to the jury, the court, six separate times, specifically and clearly instructed them as to the single issue in the case, to-wit: "Is the defendant A. D. Eason the real father of the bastard child Clara Mae?" We think the verdict returned is sufficiently responsive to these instructions and to the direction of the statute to support a valid judgment.

As further persuasion against this recently discovered position of appellant, it is interesting observation that in his written requested charges to the jury—and given by the court—the word "real" (which omission in the jury's verdict is his lament now) was omitted. Nor was this alleged deficiency (in the jury's verdict) noticed or brought to the attention of the trial court in any stage of the proceedings—not even in his motion for a new trial.

Undoubtedly, the judgment below is not now subject to reversal upon this asserted ground—nor upon any other so far as we can see. So the application is overruled. Opinion extended.

Application overruled and rehearing denied.