4 So.2d 198

### HORNBUCKLE v. STATE.

### 7 Div. 593.

Court of Appeals of Alabama.

June 24, 1941.

Rehearing Denied Oct. 7, 1941.

258

McCord & Miller, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge**

Proceeding in bastardy wherein the prosecutrix, a single woman, charged that this appellant is the father of her child.

The testimony offered by the State tended to show all facts necessary to a conviction of the accused. That for the defendant was in direct conflict with the testimony adduced by the State. Hence,

of course, a jury question as to the guilt or innocence of the accused was presented.

We have attentively read all the testimony on the trial and have noted and considered every ruling of the court to which exception was reserved. We find no reversible error in any of said rulings. To the contrary, it clearly appears that the trial court allowed each side of the case full latitude to present their respective insistences and in this connection, as stated, committed no error prejudicial to the substantial rights of the defendant. The several rulings complained of pertain to matters elementary in their nature, and an extended discussion with reference thereto would, in our opinion, be unnecessary and could serve no good purpose.

As to the special insistence of error in the action of the court in excluding the testimony of defendant's witness, McMurray, we do not accord. This witness had testified that he had had sexual intercourse with the prosecutrix on some former occasion. It affirmatively appears, in response to the direct question by the court to this witness, that his testimony was irrelevant, immaterial and incompetent, as not coming within period of time to authorize its consideration.

Likewise, the testimony tending to show that the defendant had procured certain medicine or drugs and gave it to the woman in question to effect a miscarriage, or abortion, upon her, was clearly relevant and admissible, as manifesting a consciousness of guilt. Brantley v. State, 11 Ala.App. 144, 65 So. 678; Nicholson v. State, 72 Ala. 176. In our Brantley case, supra, this court said [11 Ala.App. 144, 65 So. 680]:

"It was likewise relevant to show that, after conception, prosecutrix informed defendant of the fact and that he gave her a bottle containing a concoction labeled 'Ergoapiol' and directed her to take it, saying it would produce abortion. Whether it would or not is immaterial; the probative force of the evidence lies in the admission of guilt to be inferred from defendant's conduct and efforts in trying to get rid of the child."

The proceedings in the court below, as shown by the record, appear regular and no error being apparent, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.