13 So.2d 891

## OLIVER v. STATE.

### 7 Div. 682.

Court of Appeals of Alabama.

April 6, 1943.

Rehearing Denied April 20, 1943.

McCord & Miller, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. S. Moore, Asst. Atty. Gen., for the State.

RICE, Judge.

This is an appeal in a bastardy case. Code 1940, Tit. 6, Sec. 24.

In such, errors must be assigned and argued as in a civil case. Otherwise, they are waived. Brantley v. State, 11 Ala. App. 144, 65 So. 678, certiorari denied Ex parte Brantley, 191 Ala. 660, 66 So. 1008; Williams v. State, 117 Ala. 199, 23 So. 42.

Here, appellant was brought before a justice of the peace in accordance with Code 1940 Tit. 6, Sec. 1, by a warrant issued upon an affidavit which was in essential part as follows, to-wit: "Personally appeared before me, G. E. Christopher, Justice of the Peace for said County Fannie Lou McNair who being first duly sworn, deposes and says that she is a single woman, delivered of a bastard child in said County and that Brooks Oliver is the father of said bastard child" etc.

By regular steps, all in accordance with Code 1940, Tit. 6, Secs. 1 to 24—not different from comparable provisions of the Code of 1923—the case has reached us on appeal.

In the Circuit Court, from the judgment in which comes the appeal, an issue was made up under the provisions of Code 1940 Tit. 6, Sec. 10, "to ascertain whether he [appellant, here, defendant, there] is [was] the real father of the child or not."

The jury returned a verdict that he *was* the real father of the child.

Under all the decisions, the *only* issue before the jury was the *paternity of the child*. Harris v. State, 28 Ala.App. 23, 177 So. 311; Dorgan v. State, 72 Ala. 173.

As was said by our Supreme Court in its opinion in the case of Dorgan v. State, supra, so say we, here: "The issue joined and tried was, evidently, one having reference to the statements set forth in the complaint, which was under oath, and contained the necessary averments required by the statute. Code, 1876 § 4071 [now, *essentially,* Code 1940 Tit. 6, Sec. 1]. The complaint alleges, that the prosecutrix was a single woman; and the truth of this alleged fact was necessarily a part of the issue made up and tried. The complaint, therefore, presents a substantial ground of accusation, or cause of action, coming within the statute; *and this court will not reverse the cause, for the mere reason that the evidence set out in the bill of exceptions fails to show that the complainant was single, or unmarried."* (Italics supplied by us.)

For that matter, it is our opinion, and we hold, that there *is* testimony *in the bill of exceptions* sent up here from which the jury could permissibly infer that prose-

cutrix, to so denominate the mother of the child in question, was a "single woman" at the time of its conception and birth.

But inasmuch as the principal insistence here, for error, is that there was no proof *on the trial* that said mother was a "single woman" at the time in question; and out of deference to the earnest argument by appellant's able counsel, we believe it would not be amiss to remark that the law as we have quoted above from the opinion in the case Dorgan v. State, 72 Ala. 173, is not different from the holding in Williams v. State, 29 Ala. 9. It is in strict keeping with the statement recurring through the cases, viz.: "Under the statute * * * *there is but one issue before the jury,* and that is the paternity of the child." Harris v. State, supra [28 Ala.App. 23, 177 So. 312]; Kuehlthau v. State, 92 Ala. 91, 9 So. 394.

The evidence as to whether or not appellant was the father of the child in question being in conflict, what we have said, demonstrates that there is no merit in the first two of appellant's assignments of error which are argued here.

The written charge, the refusal of which is made the basis of appellant's third assignment of error, does not state the law correctly.

The measure of proof before conviction can be had, required in bastardy cases, is only that required, before recovery can be had, in a civil case. Harris v. State, supra. Then, besides, the charge requires an *acquittal* should *any single juror* have a reasonable doubt as to whether (or not) defendant was the father of the bastard child. That would make the charge faulty, even if the measure of proof was correctly stated.

This latter criticism of the charge, the refusal of which is made the basis of appellant's third assignment of error, applies to the charge, the refusal of which is made the basis of his fourth assignment of error, in which said charge the "measure of proof" *is* correctly stated.

So, in no assignment of error (four in number) argued and insisted upon here do we find merit.

It results, the judgment must be affirmed.

It is so ordered.

Affirmed.