13 So.2d 893

## OLIVER v. STATE.
### 7 Div. 748.

Supreme Court of Alabama.

May 27, 1943.

Rehearing Denied June 24, 1943.

McCord & Miller, of Gadsden, for the petition.

Wm. N. McQueen, Acting Atty. Gen., opposed.

FOSTER, Justice.

The question discussed here is whether the affirmative charge should have been given defendant in a bastardy proceeding, on the ground as claimed that the bill of exceptions does not contain direct evidence that the prosecutrix was a single woman at the time of the birth of the child.

The Court of Appeals states in the opinion that there was testimony set out in the bill of exceptions from which the jury could permissibly infer that she was a single woman at the time. But the opinion quotes from Dorgan v. State, 72 Ala. 173, that the court will not reverse merely because the evidence set out in the bill of exceptions fails to show that she was single and seems to conclude that it is not necessary on this appeal that it should.

We do not think the case of Dorgan v. State, supra, is controlling on the question here involved. In it the report of the case recites that the bill of exceptions did not purport to set out all the evidence. Also there was no request for the affirmative charge nor other procedure by which an absence of evidence that the prosecutrix was a single woman was sought to be given effect. In that opinion the court observes that this is "necessarily a part of the issue made up and tried." But that merely because the evidence set out in the bill of exceptions fails to show that she was single does not work a reversal. That was evidently for two good and sufficient reasons shown by the report in that case, (1) that the bill of exceptions does not purport to set out all the evidence, and (2) that no charge was requested on the basis of the absence of such evidence.

476

The refusal of the affirmative charge on account of an absence of such evidence, in the light of what is recited by the Court of Appeals as to the evidence on that subject, was without error.

Writ denied.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.