54 So.2d 92

## HULSEY v. STATE.
### 6 Div. 193.

Court of Appeals of Alabama.
Aug. 28, 1951.

Chas. E. Tweedy, Jr., and Jas. L. Beech, Jr., Jasper, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

202

PRICE, Judge.

This is a proceeding in bastardy. From a judgment upon the trial in the circuit court this appeal is prosecuted.

■■ In a bastardy proceeding the burden is upon the prosecution to reasonably satisfy the jury of the guilt of the defendant. Refused charges 2, 9, and 10 were based upon a reasonable doubt and their refusal was without error. Marker v. State, 25 Ala.App. 91, 142 So. 105; Royer v. State, 21 Ala.App. 381, 108 So. 652; Miller v. State, 110 Ala. 69, 20 So. 392; White v. State, 170 Ala. 1, 54 So. 430.

Other charges refused to defendant, except the general affirmative charge, were fairly and adequately covered by charges given at the request of the defendant.

■ Appellant assigns as error the court's refusal to give the general affirmative charge for the defendant, but did not refer to this assignment in his brief, and is deemed to have waived it. Supreme Court Rule No. 10, Code 1940, Title 7, Appendix; Maddox v. City of Birmingham, Ala.App., 52 So.2d 164;[1] Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579; Coffee County v. Parrish, 249 Ala. 226, 30 So.2d 578.

■ Moreover, the evidence was in conflict and presented a question for the determination of the jury. Hornbuckle v. State, 30 Ala.App. 257, 4 So.2d 198; Harris v. State, 28 Ala.App. 23, 177 So. 311; Eason v. State, 30 Ala.App. 224, 4 So.2d 190, certiorari denied 241 Ala. 570, 4 So.2d 192.

■ It was permissible for the mother of prosecutrix to testify that the child was born with "normal looking finger nails." This was merely a matter of fact open to observation, and did not require expert testimony. Hubbard v. State, 72 Ala. 164; Welch v. State, 156 Ala. 112, 46 So. 856.

■ There is no merit in the assignments of error having to do with the action of the trial judge in propounding questions to the mother of prosecutrix and to Dr. Walker as to the physical condition of the child at birth and shortly thereafter. Nor was there error in his inquiry of the doctor as to prematurely born babies.

■ The law is well settled that it is within the province of the trial judge to propound to witnesses such questions as are deemed necessary to elicit any relevant and material evidence, regardless of whether such evidence is beneficial or unfavorable to either party. Beal v. State, 138 Ala. 94, 35 So. 58; McFarland v. State, 22 Ala.App. 609, 118 So. 500; Munson v. State, 250 Ala. 94, 33 So.2d 463.

As to whether the child was prematurely born or was a full term baby was a subject of material inquiry in determining its paternity. The undisputed evidence is that the child was born on December 18th, 1949. Defendant testified he had sexual intercourse with the prosecutrix a number of times during the period from January to July 17th. He also introduced evidence by other men as to their relations with prosecutrix during the spring and summer of 1949. Under his own testimony as to the time of his relations with prosecutrix, it was possible for defendant to have been the father of a child born prematurely or in the normal course of nature.

■ It was immaterial that prosecutrix was seen talking to boys on the streets of Jasper during the spring and summer of 1949, and objections to such questions were properly sustained. There was no evidence

---

1. Ante, p. 9.

of intimate association with such boys by the prosecutrix. Bembo v. State, 20 Ala. App. 406, 102 So. 786, certiorari denied 212 Ala. 406, 102 So. 787; Guy v. State, 20 Ala.App. 374, 102 So. 243.

The error, if any, in allowing the question to the witness Killingsworth on cross examination, "Did the defendant tell you he was going with her and having sexual intercourse with her during that period of time?", was rendered harmless by the answer, "I did not know Ernest too well then." 2 Alabama Digest, Appeal and Error, ☜1048(5).

The objection to the question to prosecutrix on cross examination, "Have you had sexual intercourse with Dickie Killingsworth?", was properly sustained. The question was not confined to the period of gestation. Brantley v. State, 11 Ala. App. 144, 65 So. 678; Guy v. State, 20 Ala. App. 374, 102 So. 243; Allred v. State, 151 Ala. 125, 44 So. 60; Harris v. State, 28 Ala.App. 23, 177 So. 311.

In a bastardy proceeding the virtue of the prosecutrix is not the subject of proper inquiry, and the court properly sustained objections to questions to prosecutrix on cross examination as to whether or not she had willingly had sexual relations with defendant and questions tending to show she was not a virgin when she first had sexual intercourse with him. Royer v. State, 21 Ala.App. 381, 108 So. 652.

The statement by the court that, "The sole question is who is the father of the baby", was without error. The law is well settled that in a bastardy proceeding the only question for the decision of the jury is the paternity of the child. Kuehlthau v. State, 92 Ala. 91, 9 So. 394; Harris v. State, 28 Ala.App. 23, 177 So. 311; Oliver v. State, 31 Ala.App. 146, 13 So.2d 891, certiorari denied 244 Ala. 475, 13 So.2d 893.

The record discloses no objection was made to this statement of the court on the trial.

The judgment of the circuit court is affirmed.

Affirmed.