113 So.2d 924

**Leslie BROWN et al.**

v.

**Billy BARR.**

**6 Div. 292.**

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Aug. 20, 1959.

Morel Montgomery, Birmingham, for appellants.

Tucker & Taylor, Birmingham, for appellee.

LAWSON, Justice.

This suit was brought in the Circuit Court of Jefferson County by Billy Barr against Stanley and Leslie Brown. The one count in the complaint claimed damages for the breach of an oral contract to pay plaintiff a stated percentage of the sales price of all electrical appliances sold by plaintiff as an employee of defendants. The defendants pleaded the general issue in short by consent in the usual form.

The record shows the rendition of a judgment on February 6, 1958, in favor of the plaintiff and against the defendants in the amount of $3,250 in accordance with a jury verdict rendered on the previous day. On March 25, 1958, the plaintiff having filed a remittitur and the original judgment having been reduced to $2,750, the trial court overruled the defendants' motion for a new trial, which had been timely filed and duly continued.

The defendants have appealed to this court from the original judgment and the judgment overruling their motion for a new trial. At the hearing of the motion for new trial, evidence was submitted which shows without dispute the facts hereafter summarized.

The jury began its deliberation around noon on February 4, 1958, in the jury room of the trial judge, Honorable J. Edgar Bowron. Within a short time thereafter Judge Bowron entered upon the trial of another case in his courtroom, so the Barr-Brown jury was directed to the jury room of Honorable J. Russell McElroy, where it continued its deliberation until about 4:15 P.M. of the same day, when it delivered a verdict to Judge McElroy's bailiff, who in turn carried the verdict to Judge Bowron's courtroom where it ultimately reached Judge Bowron.

The verdict so delivered to Judge Bowron was in favor of the plaintiff, Barr, and fixed his damages in the amount of $2,750 with these additional words, "plus attorney's fee for plaintiff's attorney." Because of the inclusion of the provision for attorney's fee Judge Bowron refused to accept the verdict and instructed Judge McElroy's bailiff to return to the jury room where the jury had been deliberating and to inform the jury that the verdict was so worded that it could not be accepted; that the members of the jury go to their homes for

the night and return to Judge McElroy's courtroom the following morning. The bailiff conveyed such instructions to the members of the jury and they went their separate ways.

On the following morning the members of the jury returned to Judge McElroy's courtroom, where Judge Bowron instructed them as follows:

"Gentlemen, I asked you to come back to check your verdict and part of it is in form, but your additional award, 'Plus Mr. Billy Barr's Attorney's fee' is not in form. In a case of this kind a jury cannot award attorney's fees to anyone. Where a suit on a note or a sales contract wherein it is written that in the event of a suit being filed the party responsible in the event of a recovery, agrees to pay a reasonable attorney's fee just like a note you sign at a bank, if it is necessary to institute suit. So you will omit any award of any attorney's fees. I have had a new blank form for the plaintiff so that you can use that form. I will ask you to retire and write such verdict under the circumstances as would be proper and then you can give it to Mr. Oden and he can bring it to me and if it is in form I will accept it and excuse you to go upstairs."

At the conclusion of such instructions Judge Bowron returned to the trial of the other case in his courtroom and the Barr-Brown jury returned to Judge McElroy's jury room. Approximately an hour later the jury returned a verdict in favor of the plaintiff in the amount of $3,250. It is this verdict which was the basis of the original judgment in this case.

None of the parties or their counsel were present on the afternoon of February 4, 1958, when Judge Bowron held the first verdict to be defective and gave directions which led to the separation of the jury, or on the morning of February 5, 1958, when Judge Bowron gave the supplementary instructions to the jury in Judge McElroy's courtroom.

It is contended by appellants that the trial court erred in overruling those grounds of the motion for new trial which took the point, in effect, that the separation of the jury on the afternoon of February 4, 1958, constituted the jury's discharge and that, hence, the verdict of February 5, 1958, was void.

We do not agree. There is no rule of law which requires the court to keep a jury from dispersing after a civil cause is submitted to the jury. The question as to separation is in the sound discretion of the court and a verdict will not be set aside merely because after being charged the members of the jury in a civil case are permitted to leave the court and separate before giving their verdict. We have no statute directly on the subject. The rules relating to criminal cases in this respect do not apply to civil cases. Dulaney v. Burns, 218 Ala. 493, 119 So. 21. See McGill v. Alabama Fuel & Iron Co., 221 Ala. 614, 130 So. 379; Jones, Trial by Jury in Alabama, 8 Alabama Law Review, pp. 274, 287, 288.

It is much the safer practice for the court itself to advise the jury of the court's decision to permit the jury to separate and to remind the members of the jury as to their conduct in regard to the case which has been submitted to them. But in the absence of any showing of injury, prejudice or improper conduct on the part of any member of the jury, we cannot say that it was reversible error for the court to permit the jury to separate without any such reminder and on a message delivered to the jury by a bailiff. We hold that the separation of the jury under the circumstances heretofore discussed did not constitute a discharge of the jury. See Prescott v. Metropolitan Life Ins. Co., Tex.Civ.App., 129 S.W.2d 821.

Appellants also insist that the trial court erred in overruling the grounds of the motion for a new trial which attack the action of the court in instructing the jury on the morning of February 5, 1958, in Judge McElroy's courtroom in regard to the defective character of the verdict tendered on the afternoon of February 4, 1958.

■ The rule of our cases to the effect that courts should not instruct juries in the absence of counsel without having made a reasonable effort to notify counsel (Kuhl v. Long, 102 Ala. 563, 15 So. 267; Feibelman v. Manchester Fire Assur. Co., 108 Ala. 180, 19 So. 540; Walker v. State, 223 Ala. 294, 135 So. 438; Pettus v. Louisville & N. R. Co., 214 Ala. 187, 106 So. 807) does not affect the right of a trial court, in the absence of counsel, from giving a supplementary charge which pertains only to the defective character of the verdict. Traylor v. Hughes, 88 Ala. 617, 7 So. 159. In the case last cited, the trial court gave the general affirmative charge for the defendant. The jury tendered to the court a verdict which was not responsive to the issues. As in the instant case, the court refused to receive the verdict and remanded the jury under additional instructions for the purpose of returning a correct verdict. Mr. Justice Somerville, writing for the court, said:

> "The verdict first returned by the jury was not responsive to the issues to be tried, and was unauthorized by law. The court did not err in refusing to receive it, or in repeating to the jury its former instructions, in order that they might again retire and make a finding according to law; *and this is true, although the counsel of the plaintiffs were, at the time, absent from the court-room. There was nothing in this conduct of the court out of the usual practice in nisi prius trials. The judgment is accordingly affirmed."* (Emphasis supplied.)

■ We are not aware of any rule of law that was violated by Judge Bowron's use of a courtroom in the Jefferson County Courthouse other than his own for the purpose of giving supplementary instructions to a jury to which a case has been submitted, when his own courtroom was not available. As far as this record discloses, the supplementary instructions were given in open court. There is nothing to indicate that anyone was absent whose presence was needed and for aught appearing, court was duly opened and all persons who desired to do so could freely see and hear the proceeding. See Rush v. State, 253 Ala. 537, 45 So.2d 761; Ex parte Branch, 63 Ala. 383; Rushing v. State, 39 Ala.App. 32, 94 So.2d 770, certiorari denied, 266 Ala. 700, 94 So.2d 777; People v. Fiato, 206 Misc. 111, 132 N.Y.S.2d 188; Louis Werner Stave Co. v. Marden, Orth & Hastings Co., 2 Cir., 280 F. 601; Gillham v. St. Louis Southwestern Ry. Co. of Texas, Tex.Civ.App., 241 S.W. 512.

■ Much of appellants' brief is devoted to the proposition that the trial court erred in overruling their motion for a new trial because the verdict rendered on February 5, 1958, was not returned to the trial court in open court. No ground of the motion for a new trial took this point and there is nothing in the record to indicate that the verdict arrived at on the morning of February 5, 1958, was not returned to the trial court in open court. Rather than charging that the February 5, 1958, verdict was not returned in open court, the motion for a new trial, by adopting the grounds of another motion styled "Motion to Quash and Abate Verdict," shows that the verdict was returned in open court. Ground 2 of the last-mentioned motion averred in part as follows:

> " * * * Whereupon, said Jury received said verdict they had rendered on February 4, 1958, and did retire to the jury room whereupon, said jury did destroy by tearing said verdict *and did return to the open court before*

*the Judge and deliver to him,* the following written verdict on to-wit February 5, 1958, viz.: * * *." (Emphasis supplied.)

We have discussed the matters of substantial merit presented in brief and argument of appellants. It is our view that none of them should work a reversal of the judgment of the trial court.

Affirmed.

STAKELY, GOODWYN and MERRILL, JJ., concur.