122 So.2d 607

**Wayne MIZELL**

**v.**

**STATE.**

**8 Div. 714.**

Court of Appeals of Alabama.

Aug. 16, 1960.

Russell W. Lynne, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

In the bastardy proceedings in the court below this appellant was adjudged to be the real father of the illegitimate child born to the prosecutrix.

Although the prosecutrix is represented by the State in the bastardy proceeding, such proceedings are only quasi crimi-

nal and governed by the rules of appellate civil procedure. Borden v. State, 27 Ala. App. 271, 170 So. 98; Eason v. State, 30 Ala.App. 224, 4 So.2d 190; Sims v. State, 36 Ala.App. 349, 55 So.2d 863. Counsel for appellant has argued two specifications of error in his brief, and our review will be confined to these two points. Clearly from the reading of the record these are the only two points upon which counsel could base any assertion of error.

Counsel first argues that the judgment of the court below is not sustained by the great preponderance of the evidence. While the evidence presented by the appellant in the proceedings below would tend to show that he was not the father of the child, the testimony of the prosecutrix was in direct contradiction and by her testimony, if believed by the jury to the required degree, was entirely sufficient to support the verdict and judgment rendered. It is apparent from the verdict of the jury that they did so believe the evidence presented by the prosecutrix.

This conflict in the evidence merely presented a question of fact solely within the province of the jury to resolve. Hulsey v. State, 36 Ala.App. 200, 54 So.2d 92; Hornbuckle v. State, 30 Ala.App. 257, 4 So.2d 198; Eason v. State, supra.

The second point argued by counsel relates to the action of the trial court allowing the jury to separate during its deliberation.

As before stated, bastardy proceedings are governed in procedural matters as are civil proceedings. A trial jury may be permitted to separate during its deliberations. Brown v. Barr, 269 Ala. 497, 113 So.2d 924; McGill v. Alabama Fuel & Iron Co., 221 Ala. 614, 130 So. 379; Dulaney v. Burns, 218 Ala. 493, 119 So. 21.

The judgment is due to be affirmed and it is so ordered.

Affirmed.