# Jones *v.* The State.

*Indictment for Murder.*

1. *Change of venue; refusal of, how revisable.*—To enable this court to revise the refusal of an application for a change of venue in a criminal case (Sess. Acts 1884-5, p. 140), the point must be duly reserved by bill of exceptions, and a recital of an exception in the judgment-entry only is not sufficient.

FROM the Circuit Court of Russell.

Tried before the Hon. H. D. CLAYTON.

The defendant in this case, Thomas D. Jones, was indicted for the murder of Ivey Doles, and, on his first trial, was convicted of murder in the second degree, and sentenced to the penitentiary for the term of eighteen years; but the judgment was reversed by this court, at his instance, and the cause remanded.—*Jones v. The State*, 76 Ala. 8. After the reversal and remandment, as the judgment-entry in the present record shows, "the defendant moved the court for a change of venue; which motion, being duly considered by the court, is overruled and refused, and the defendant excepts." The judgment-entry then recites the defendant's arraignment and trial, the verdict of the jury, and the sentence and judgment of the court; after which these words are added : "And the defendant having

reserved questions of law for the determination of the Supreme Court, it is ordered that this judgment and sentence be suspended until this case is determined by the Supreme Court."

W. F. FOSTER, for the appellant.

T. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—By the act approved February 17th, 1885 (Sess. Acts, 140), it was provided, "that the refusal of the primary court to order a change of venue in any criminal case shall no longer vest [rest ?] in the irrevisable discretion of the court to which application for the change of venue is made, but, after final judgment, may be reviewed and revised in the Supreme Court, in the same manner, and to the same extent, as other questions of law arising in criminal cases." This is the first case which has come before us on this statute, and we have to regret that the question is not so raised as that we can consider it. It will be noted, that the statutory provision is, that such ruling "may be reviewed and revised in the Supreme Court, in the same manner, and to the same extent, as other questions of law arising in criminal cases." Section 4978 of the Code of 1876 declares in what manner questions of law may be reserved by defendants in criminal cases. It must be "by bill of exceptions, duly taken and signed by the presiding judge." In *Ex parte Knight*, 61 Ala. 482, this section of the Code was construed. In that case, as in this, the judgment-entry recited the ruling of the court which was attempted to have reviewed, and that the defendant excepted to the ruling. In that case, as in this, there was no bill of exceptions signed by the presiding judge. This court said: " The reservation must be made at the time of the decision of the question—it is the act of the defendant, of which the court must be notified, that it may be introduced on the record, and justify the subsequent order suspending the execution of the judgment. Giving to the recital of the record—'the defendant excepted to the decision of the court'—its largest significance, and it could indicate no more than that he had a present intention of reserving the decision for the consideration of this court, and would carry the intention into effect thereafter, by a bill of exceptions." The question in that cause not appearing in the record proper, we hold it was not reserved, and could only have been reserved by bill of exceptions.

In the present record there is no bill of exceptions. The clerk has copied in the transcript several affidavits, which purport to have been subscribed and sworn to. Such affidavits are mere testimony for a single purpose, and are no part of the

[The State v. Flinn.]

record. They are not even indorsed filed; but, if they had been, that would have been insufficient. There is in this record no question reserved which authorized its transmission to this court for review, and the appeal must be dismissed.

We deem it not improper to add, that if the affidavits found in this transcript comprise the entire testimony before the Circuit Court, on which the motion for change of venue was allowed, we are not prepared to say we find in them enough to justify a reversal of that court's judgment.—*Edwards v. The State*, 49 Ala. 334; *Nooe v. Garner*, 70 Ala. 443.

Appeal dismissed.

CLOPTON, J., not sitting,