# Calhoun *v.* The State.

## *Indictment for Murder.*

1. *Holidays.*—Holidays with us are not, on that account, nonjudicial days, and there is no merit in the objection of the trial of defendant having been had on Good Friday.

2. *Challenge for cause; grounds of.*—A venireman may be properly challenged for cause, when upon his being examined as to his qualification as a juror, he answers "That he would not convict in a capital case, on circumstantial evidence;" and likewise a challenge for cause is properly allowed when the venireman answers that he would not *hang* on circumstantial evidence.

3. *Same; circumstantial evidence.*—The question, as to whether or not there will be any circumstantial evidence offered, cannot be inquired into as a preliminary to the allowance of a peremptory challenge under Section 5018 of the Code.

[Calhoun v. The State.]

APPEAL from the City Court of Montgomery. Tried before the Hon. W. H. THOMAS.

JOSEPH CALLOWAY, for appellant.

MASSEY WILSON, Attorney-General, for the State.

TYSON, J.—There is no merit in the objection that defendant was tried on Good Friday, a legal holiday. Holidays with us are not, on that account, non-judicial days.—*Rebbitt v. State,* 87 Ala. 91, and cases cited.

The court's action, in permitting the sheriff to amend his return so as to speak the truth in respect to veniremen Steele and McInnis, was entirely proper.

On an inspection and examination of the original venire and the sheriff's return thereon, which has been certified to us, we are of the opinion that the court's finding with respect to the names of Johnson and Crosby was correct. The motion to quash the venire was, therefore, properly overruled.

One of the veniremen, upon his *voir dire* examination touching his qualifications as a juror, stated that he would not convict in a capital case, on circumstantial evidence; another stated that he would not "hang" on circumstantial evidence.

The court sustained a challenge for cause to each of them by the State. To these rulings the defendant excepted. Whereupon the defendant offered to show that the evidence in the case would not be circumstantial but direct. The court, on objection by the prosecutor, refused to allow this to be done. In neither of these rulings was there error.

Section 5018 of the Code provides that, "On the trial for any offense which may be punished capitally, or by imprisonment in the penitentiary, it is a good cause of challenge by the State that a person thinks that a conviction should not be had on circumstantial evidence." The ground of challenge here given is absolute and does not depend upon whether the evidence in the case will be direct or circumstantial. If it were permissible to enter upon that inquiry, the cause would have to be

[Nordan v. The State.]

tried twice—preliminarily by the trial judge in order to ascertain the qualification of persons summoned as jurors, and then aga'n, by the jury. The statute does not admit of such a construction.

This question arose and was decided by the Supreme Court of Mississippi in *Coleman v. State*, 59 Miss.489. The court said, "It was not error to exclude f om the jury, tho e who were unwilling to convict of murder, to be followed by death to the convict, upon circumstantial evidence. * * * That the case did not depe-d on circumstantial ev'dence made no difference. It would be unsafe to tolerate such a distinction. It cannot be known in advance in any case how far it may depend on circumstantial evider ce. The competency of jurors is not determinable by the character of evidence expected to be introduced, but by the fitness or unfitness of the juror with respect to the standard erected by the law for every character of case."

The answers of the veniremen showed that they were not competent jurors.—*Griffin v. State*, 90 Ala. 596.

Affirmed.

McCLELLAN, C.J., SIMPSON and ANDERSON, J.J., concurring.