(80 South. 803)

### COSBY v. STATE. (5 Div. 709.)

(Supreme Court of Alabama. Dec. 19, 1918. Rehearing Denied Feb. 13, 1919.)

1. CRIMINAL LAW ⟲⟲938(1)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

In a criminal action the overruling of a motion for new trial based upon newly discovered evidence tending only to discredit the state's witness is not error unless upon the whole case it appears probable that the new evidence would change the result.

2. CRIMINAL LAW ⟲⟲994(4) — JUDGMENT AND SENTENCE—ENTRY NUNC PRO TUNC.

Where defendant's motion for new trial filed two days after conviction was continued for more than three months, and then overruled, no judgment having been entered in the meantime, the jury's verdict being indorsed upon indictment and docket entry in due form, it was proper to enter judgment and sentence nunc pro tunc.

3. CRIMINAL LAW ⟲⟲994(4) — JUDGMENT AND SENTENCE—PRESENCE OF ACCUSED.

Where the docket entries affirmatively show the presence of defendants at arraignment and, by necessary inference, at the trial, upon overruling motion for new trial sufficient basis is afforded for a judgment and sentence nunc pro tunc reciting defendant's presence at the time of its pronouncement.

4. CRIMINAL LAW ⟲⟲1166½(5) — APPEAL — HARMLESS ERROR—JURY.

If the sheriff failed to summon the regular jurors for the week for the trial of defendant, such is not reversible error, where no harm appears to have accrued to defendant.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Robert Cosby was convicted of a crime punishable by death, and he appeals. Affirmed.

George F. Smoot, of Wetumpka, for appellant.

F. Lloyd Tate, Atty. Gen., for the State.

SAYRE, J. [1] The alleged newly discovered evidence tended only to discredit the state's witness. Reversible error cannot be predicated of the action of the trial court in overruling a motion for a new trial based upon newly discovered evidence of that character, unless, upon the whole case, it appears to be probable that the new evidence would change the result, should a new trial be granted. Fries v. Acme White Lead & Color Works, 79 South. 45.[1] We do not find that the new evidence in this case measures up to the rule. Hence our conclusion that the court committed no error in the ruling under review.

[2] The verdict against defendant was returned on October 18, 1917. Defendant's motion for a new trial was, on October 20, 1917, continued until February 6, 1918. No judgment having been entered upon the minutes in the meantime, the court, on February 6, 1918, overruled the motion for a new trial, and then, upon motion of the solicitor, caused to be entered upon its minutes a judgment, purporting to be entered nunc pro tunc, reciting the verdict of guilty, adjudging defendant's guilt accordingly, and sentencing him to suffer death by hanging, all in due form. The bill of exceptions shows that upon the hearing of this motion the verdict of the jury, indorsed upon the indictment, and the judge's docket entries, were offered in evidence by the state. The docket entries showed arraignment, plea, order setting the case for trial, order for venire, etc., all in due form, and the sentence pronounced upon defendant. The jury and verdict was not made to appear except by the indorsement on the indictment. This evidence warranted the judgment nunc pro tunc. Campbell v. Beyers, 189 Ala. 307, 66 South. 651.

[3] It is suggested that the evidence failed to show the presence of the defendant in court at the several stages of the proceedings now witnessed by the full judgment entry. The docket entries, or the judge's bench notes, as they are commonly called, showed affirmatively the presence of the defendant at the arraignment. They also show by necessary inference that defendant was present at the trial, and the judgment nunc pro tunc and sentence recites his presence in court when that judgment and sentence was pronounced by the court. Repeated recitals of the fact of defendant's presence in court are not necessary. The record and quasi record evidence stated above afforded sufficient basis for the judgment and sentence nunc pro tunc. Dix v. State, 147 Ala. 70, 41 South. 924.

[4] The defendant did not follow the proper practice in respect to the juror E. J. Blake. Zininam v. State, 186 Ala. 9, 65 South. 56. As for the failure to order the sheriff to summon the regular jurors for the week for the trial of this defendant, if that was the case, no harm appears to have accrued to defendant, and so no reversible error. Waldrop v. State, 185 Ala. 20, 64 South. 80.

We need not state our consideration of some other exceptions shown by the transcript. There is no merit in them, and the sentence of the law must be executed.

Affirmed.

All the Justices concur.

---

⟲⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 201 Ala. 613.