(89 South. 847)

## CRUMLEY v. STATE. (7 Div. 695.)

(Court of Appeals of Alabama. April 5, 1921.)

**1. Criminal law ⊜789(3)—Charge to acquit if jury did not believe the evidence beyond a reasonable doubt proper only where there is no conflict in evidence.**

In homicide prosecution, refusal to charge jury to acquit defendant if they did "not believe the evidence in this case beyond a reasonable doubt" *held* proper in view of conflicting evidence; such instruction being proper only where there is no conflict in the evidence.

**2. Words and phrases —"Evidence" synonymous with "testimony."**

The word "evidence" is synonymous with the word "testimony."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Evidence; Testimony.]

**3. Criminal law ⊜815(9) — Refusal of instruction as to conviction on testimony of single witness held proper in view of testimony.**

Refusal to charge jury that it was not authorized to convict defendant on the testimony of a single witness if it entertained a reasonable doubt as to the truth of his statement *held* proper, where there were several witnesses testifying for the state on whose testimony the verdict might have been predicated.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Criminal law ⬤⟿829(5)—Refusal of instruction on self-defense substantially covered by charge given, not error.**

Under Acts 1915, p. 815, refusal of requested instruction on the law of self-defense, substantially covered by the charge given, *held* not error.

**5. Homicide ⬤⟿300(1)—Refusal to instruct as to right to protect one's self from bodily harm held error.**

In homicide prosecution in which defendant claimed self-defense, refusal to charge that the law gives a person the same right to use force reasonably necessary under the circumstances to protect himself from great bodily harm as it does to prevent his life being taken, and that he may excusably use this necessary force to save himself from any felonious assault, *held* error.

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

Benjamin Crumley was convicted of manslaughter, and he appeals. Reversed and remanded.

The following charges were refused to the defendant:

(6) The court charges the jury that you are not authorized to find a verdict of guilt on the testimony of a single witness, if you have a reasonable doubt of the truth of his statement.

(19) The law gives a person the same right to use such force as may be reasonably necessary under the circumstances by which he is surrounded to protect himself from great bodily harm as it does to prevent his life being taken. He may excusably use this necessary force to save himself from any felonious assault.

Merrill & Jones, of Heflin, and Blackmon & Merrill, of Anniston, for appellant.

Charges 1, 6, and 16 should have been given. 140 Ala. 1, 37 South. 90, 172 Ala. 378, 55 South. 614. Charge 19 should have been given. 8 Ala. App. 59, 62 South. 455; 5 Ala. App. 57, 59 South. 361; 168 Ala. 59, 53 South. 308. Counsel discuss other assignments, but without further citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The defendant requested the court in writing to give this charge:

"The court charges the jury if they do not believe the evidence in this case beyond a reasonable doubt it is their duty to acquit the defendant."

This is the converse of the general affirmative charge that:

"If the jury believe the evidence beyond a reasonable doubt the jury must convict."

Where the evidence is without conflict establishing defendant's guilt, it has been held proper for the court to give this last charge upon request of the state, but where the evidence is in conflict or there are inferences legally to be drawn that would amount to a conflict, the general charge should never be given. So, in a case where there is no conflict in the evidence, the foregoing charge as requested by defendant might be properly given, although it merely asserts a negative, necessarily included in the affirmative charge, for the state when given. But in a case where the evidence is in conflict, with conflicting tendencies and many deductions to be drawn from the testimony, such a charge would take away from the jury the prerogative of weighing and considering every part of the testimony, accepting that part which they consider true and rejecting that part which they consider untrue, and basing their verdict upon that part which, after considering the whole, is sufficient to convince them, beyond a reasonable doubt.

[2] In other words, the charge would never be proper, except in a case where the facts are undisputed. In this state "evidence" as used in our practice is synonymous with testimony, and where, as in the case at bar, the facts are disputed, some of which must be discarded and disbelieved, in order for the jury to agree upon a verdict, the charge as requested would tend to confuse, rather than to aid, the jury in their deliberations.

[3] Charge 6, refused to defendant, was abstract; there being several witnesses testifying for the state on whose testimony the verdict might have been predicated.

[4] In defining the law of self-defense the court in its general charge said:

"But it is not necessary that the danger to life or limb or great bodily harm must be real. It need not be actual; but if it should present itself to a reasonable man that the danger was apparent to him, as a reasonable man, that he would suffer great bodily harm or danger to life or limb, he would be entitled to act on that apparent danger, and not as if he was in real danger."

In somewhat different verbiage this same rule was given in written charges 17, 27, and 28 requested by defendant.

While, as said in Kennedy's Case, 140 Ala. 1, 37 South. 90, refused charge 16 asserts a correct proposition of law, its refusal will not be grounds for reversal; it appearing that the same rule of law was substantially and fairly given to the jury in the court's oral charge and in charges given at the request of defendant as above noted. Acts 1915, p. 815.

The same rule of law as that requested to be given in refused charge 18 was substantially and fairly given in the court's general charge, and in written charge 36.

[5] Refused charge 19 has been approved

as a correct statement of the law and its refusal as constituting reversible error in the following cases: Twitty's Case, 168 Ala. 59, 53 South. 308; Bone's Case, 8 Ala. App. 59, 62 South. 455; Black's Case, 5 Ala. App. 87, 59 South. 692. We do not find either in the court's oral charge or in the given written charges that the same rule of law has been substantially and fairly given. For this error the judgment must be reversed.

Refused charge 41 is fully and fairly covered both in the general charge and in the given written charges, and the same is true of refused charge E.

The other questions raised will probably not arise on another trial.

For the error pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.

<hr />

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes