(115 So. 223)

## COLLINS v. STATE.  (1 Div. 440.)

Supreme Court of Alabama.   Jan. 26, 1928.

**1. Homicide ⬳282—Issue of defendant's guilt of first degree murder, in connection with alleged stabbing, held for jury.**

Issue whether defendant was guilty of first degree murder held for jury, under. evidence that deceased made no demonstration against defendant, and that wound was inflicted in the dark, by stabbing.

**2. Homicide ⬳195—Evidence that defendant, having stabbed deceased, asked third person if he "wanted to take it up," held admissible to controvert self-defense.**

Evidence that defendant, after alleged stabbing of deceased and following him, came back to automobile and asked third party if he "wanted to take it up," held admissible as spontaneous utterance, showing aggressive and hostile attitude of mind, inconsistent with plea of self-defense, in murder prosecution.

**3. Criminal law ⬳421(1)—Reputation among friends, or general reputation, where that among friends is unavailable, is admissible to prove death.**

General reputation among a person's friends and acquaintances is admissible to prove his death, and, where reputation among friends or acquaintances is unavailable, general reputation of death may be shown.

**4. Criminal law ⬳1169(1)—Improper admission of hearsay testimony as to death of person not produced by state as witness held not prejudicial.**

Admission, in prosecution for murder, of testimony as to death of another person, introduced to explain state's failure to produce him as witness, though improper as hearsay, since it did not constitute evidence of reputation, held not prejudicial, where no sufficient reason appeared for supposing that person claimed to be dead would have been favorable witness for state, and where he might have been equally available to defendant.

**5. Homicide ⬳187—Evidence of defendant's statement that deceased's wife was defendant's "woman" held admissible to rebut plea of self-defense.**

In prosecution for murder, in which defendant interposed plea of self-defense, testimony that defendant, about a week before commission of homicide, had stated that deceased's wife was defendant's "woman," held admissible to rebut plea of self-defense, as indicating unfriendly relations and possible jealously between parties.

**6. Criminal law ⬳1170½(2)—Witnesses ⬳277(3)—Cross-examining one accused of murder as to whether only trouble with deceased was warning to let deceased's wife alone held not error, or harmless, being denied.**

Cross-examination of defendant, accused of homicide, as to whether the only trouble he ever had with deceased was that deceased had come home and told defendant to let deceased's

wife alone, referring to testimony that deceased had found defendant and deceased's wife in the kitchen, held not error, and in any event harmless, in view of negative answer.

**7. Criminal law ⬳938(1)—Newly discovered evidence which is cumulative, or could by exercise of diligence have been produced, is not ground for new trial.**

Refusal of new trial for newly discovered evidence is not error, where evidence is merely cumulative, and could by exercise of diligence have been produced at trial.

**8. Criminal law ⬳938(1) — Refusal of new trial for newly discovered evidence of witnesses' bad reputation, and testimony of deceased's widow denying intimacy with defendant, accused of homicide, for want of diligence or as cumulative, held not error.**

Refusal of new trial for newly discovered evidence in murder prosecution, relative to bad reputation for truth and veracity of state's witnesses, and statement by wife of deceased that she had never been intimate with defendant, held not error, since evidence was either cumulative or could have been discovered by reasonable diligence before trial.

**9. Jury ⬳107—Allowance of challenge for cause to jurors, who stated they would not convict on circumstantial evidence, held not error (Code 1923, § 8612).**

Allowance of challenge to jurors for cause on account of their statement on voir dire in murder prosecution that they would not convict on circumstantial evidence held not error, under Code 1923, § 8612, notwithstanding defendant's claim that state's case did not rest on circumstantial evidence, especially where it afterwards appeared that state's case did rest in part on such evidence.

**10. Criminal law ⬳1184—Where death penalty imposed was abolished between sentence and disposition of appeal, case remanded for sentence (Code 1923, §§ 5309, 5310).**

Where, at time of determining appeal of defendant, lawfully sentenced to suffer death by hanging, method of punishment had been changed by Code 1923, §§ 5309, 5310, case was remanded for proper sentence in accordance with statute.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Tobe (alias Tobie) Collins was convicted of murder in the first degree and he appeals. Affirmed, and remanded for proper sentence.

F. K. Hale, Jr., and Webb & Shepard, all of Mobile, for appellant.

Counsel discuss the questions raised and treated, but without citing authorities.

Charlie C. McCall, Atty. Gen., and Bart B. Chamberlain, Sol., of Mobile, for the State.

Counsel discuss the questions raised, citing Code 1923, § 8612; Jackson v. State, 74

Ala. 26; Garrett v. State, 76 Ala. 18; Tatum v. State, 82 Ala. 5, 2 So. 531; Griffin v. State, 90 Ala. 596, 8 So. 670; Whatley v. State, 144 Ala. 68, 39 So. 1014; Calhoun v. State, 143 Ala. 11, 39 So. 378.

SAYRE, J. Defendant appeals from the judgment of the trial court by which he has been sentenced to suffer death.

Exceptions reserved relate to rulings on evidence, to one ruling as to the competency of jurors, and the overruling of defendant's motion for a new trial. We state briefly the grounds of our conclusions as to such of the exceptions as seem in any degree to require comment.

[1] The state's case was that defendant and deceased, having had differences and a difficulty about defendant's attentions to the wife of deceased, and defendant having made threats against the life of deceased, the latter with one Steadham as a companion was driving his automobile along the road in front of the residence of defendant's brother, and had been stopped by two women (who were inquiring as to the whereabouts of the husband of one of them), when defendant, who was at the house of his brother, approached the automobile, stationary while deceased talked with the women, and, saying, "You beat me with a stick (referring to what had passed between them about a week before), and I'll do worse than that to you," stabbed deceased, inflicting a wound which resulted in death after a few moments—this after dark, there being no light at the place save that from the lamps of the automobile. The state's further case was that deceased made no demonstration against defendant. Defendant's testimony tended to show that he approached deceased peaceably, and, after a hostile demonstration by the latter, killed him in self-defense. The jury accepted the state's version of the facts, and we are wholly unable to say that therein they committed error.

[2] After deceased had received his fatal wound, he managed to escape from the automobile, getting out on the side opposite to that on which defendant was, and fled to the house of his sister, who lived close at hand, where he presently died. Evidence for the state went to show that defendant followed deceased for 12 or 15 steps, and then, coming back to the automobile where Steadham was, asked him if he "wanted to take it up." Steadham denied any desire to "take it up." To the ruling which allowed this testimony over his objection, defendant excepted. This inquiry by defendant, equivalent in effect to a declaration of malevolent purpose, appears to have been a spontaneous utterance, so connected with the principal transaction, made under its immediate influence, and so tending to illustrate that transaction, by showing an aggressive and hostile attitude of mind inconsistent with defendant's plea of self-defense, as to be admissible as a part of the res gestæ (Jones on Ev. [2d Ed.] § 344), and, whether a part of the res gestæ, strictly speaking, or not, it tended to show a malevolent spirit in defendant (Crain v. State, 166 Ala. 5, 52 So. 31), and was admitted without error.

[3, 4] The presence of Steadham in the automobile at the time of the fatal difficulty was shown, and not denied. He did not appear as a witness. To explain his absence, evidently, the state was allowed to inquire of a witness: "Do you know whether or not Sibley Steadham is living or dead?" With entire propriety the state would have been allowed by competent evidence to account for Steadham's absence, but we do not hold that the burden of doing so rested upon the state. The witness answered: "I heard he was dead; that is all I know." And this answer, notwithstanding defendant's motion to exclude as hearsay was allowed to remain with the jury. There was no effort to show from whom or where the witness had heard of the death of Steadham, that it was a matter of common repute, or to show the nonavailability of more satisfactory evidence. With some limitations, hearsay evidence of the death of a person is admitted as being in the same class with such evidence of pedigree. Landers v. Hayes, 196 Ala. 533, 72 So. 106; Sheffield Iron Corp. v. Dennis, 204 Ala. 530, 86 So. 467; Elder v. State, 123 Ala. 35, 26 So. 213; Cherry v. State, 68 Ala. 29. Other cases might be cited. There are cases which hold that general reputation among a person's friends and acquaintances is admissible to prove his death. Such cases even have been criticized as going to establish a dangerous precedent on unsatisfactory reasons. 3 Jones, Com. on Ev. (2d Ed.) § 1134; Estate of Hurlburt, 68 Vt. 366, 35 A. 77, 35 L. R. A. 794. But the court is of opinion that the cases so criticized state the proper rule, and that, moreover, general reputation may be admitted where reputation among friends and acquaintances is unavailable. It is clear in this case that the requirements of the stated rule have not been satisfied, and that the court's ruling was technically erroneous. But, in view of the fact, that, for aught appearing, the absent witness, if alive, was as available to the defendant as to the state, that no sufficient reason appeared in the facts in evidence for a presumption that the witness favored the state or would likely have been prejudiced against defendant (Brock v. State, 123 Ala. 24, 26 So. 329; Jackson v. State, 193 Ala. 36, 69 So. 130; Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548), and that for these reasons no unfavorable comment or hostile inference could be based upon the absence of Steadham, in view of the situation thus presented, the court in conference holds

that the technical error shown by the bill of exceptions at this point was not harmful to defendant, and hence the court finds in this ruling no ground for a reversal.

[5] There was no error in allowing the witness Neese to answer the state's question, "What, if anything, did this defendant Tobie Collins say to you concerning Clarence Stewart (the deceased)?" The time (about a week before the killing) and place to which this question related were shown. The answer, "He said the dead man's wife was not his wife, but was his"—defendant's, as the parties agree in construing the answer—"woman," was properly left with the jury. This evidence tended to show unfriendly relations between defendant and deceased, and to illustrate the occasion and the full meaning of threats by defendant made about the same time, as the state's evidence went to prove, and a motive for the killing. And so of the testimony of the same witness in further detail of the same conversation, in which defendant was quoted as saying that deceased had caught him (defendant) in his (deceased's) house with his wife. The feeling of jealousy between these parties may well have been mutual, and any occasion for such feeling may have operated in some degree to rebut the plea of self-defense; its weight and effect being a matter for the consideration of the jury.

[6] The question put by the state to defendant, who testified in his own behalf, "All right, I will ask you if the only trouble that you ever had with this boy (meaning the deceased) was that he came home and told you to let his wife alone," etc., alluding to testimony to the effect that deceased went home on an occasion and found defendant in the kitchen with the former's wife—this question was properly allowed on cross-examination, and was harmless in any event, because the defendant's answer was in the negative.

[7, 8] One ground of defendant's motion for a new trial was based upon evidence alleged to have been newly discovered. It is hardly worth the while to discuss the question thus presented. It will suffice to say that this evidence was merely cumulative (Geter v. Central Coal Co., 149 Ala. 583, 43 So. 367), or the record discloses the fact that an exercise of diligence would have produced it at the trial. If the reputation of the two women who testified for the state was bad for truth

and veracity, and that was a general reputation in the community in which these parties lived, that fact would have been developed by proper diligence before the trial. As for the statement by the wife of deceased to the effect that she had never been intimate with defendant—meaning, as we infer, intimate sexually—the only evidence to a contrary effect emanated originally from defendant, when he made the statement, according to one of the witnesses, that this affiant was "his woman." This alleged statement was denied by defendant, and, if he desired to have the widow of deceased deny the fact, no reason, proper for consideration for the first time on a motion for a new trial, appears in the record. As for the affidavit of Mullis, submitted by defendant on his motion, it may be doubted that upon the whole it helped the case of him. However that may be, this evidence was in part either merely cumulative, or it would have been discovered by proper diligence before the trial. Upon consideration of the whole evidence, the court here concludes that there was no error committed in overruling the motion.

[9] Several talesmen summoned for the trial of this case were, on the state's challenge as for cause, required to stand aside. The cause was that on their voir dire these talesmen said that they would not convict on circumstantial evidence, and this challenge was allowed, notwithstanding the assurance by counsel for defendant that the state's case did not rest upon any circumstantial evidence. As a matter of fact, it afterwards appeared that the state's case did rest in part—that part which tended to show motive—on circumstantial evidence; but, wholly aside from this, the challenge was properly allowed. Code 1923, § 8612; Calhoun v. State, 143 Ala. 11, 39 So. 378.

[10] Defendant appellant was sentenced to suffer death by hanging; this at a time when that was the lawful method of executing the sentence of death. At this time a different method is provided by law. To the end that a proper sentence may be pronounced by the trial court, this case is remanded to the circuit court of Mobile for sentence in accordance with the statute. Code, §§ 5309, 5310; Bachelor v. State, 216 Ala. 356, 113 So. 67.

The judgment of conviction is affirmed, and the case is remanded for proper sentence.

All the Justices concur.