140 So. 405

## SCRUGGS v. STATE.
### 3 Div. 979.

Supreme Court of Alabama.
March 10, 1932.

Powell & Hamilton, of Greenville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

FOSTER, J.

■ The evidence in the case was without conflict that there was no bad feeling between defendant and deceased prior to the killing. Defendant and his family lived something like three-quarters of a mile away, and the evidence shows friendly and frequent exchange of visits, and no one testified to any circumstance of prior ill will. It was not competent on that issue to show that defendant had contributed to the support of the family of the mother of deceased, of which he was a member, also several sisters, though the father of deceased was dead and defendant's wife was also a sister.

■ While there was no exception to that part of the general charge which instructed the jury that they may consider the fact that the witness was the defendant in weighing his testimony, the charge was wholly free from error. Tillis v. State, 218 Ala. 527, 119 So. 215 (9).

■ This court has recently reviewed the authorities upon the subject of the right of a person to defend himself, without retreating, when there was actual imminent peril of losing his life or of serious bodily harm from an assault by deceased, which was unprovoked and manifestly murderous in character, and deceased was then in the act of effectuating his murderous purpose by the use of a deadly weapon. The case of Storey v. State, 71 Ala. 336, and those decided since then were again recently considered and cited, and, while the court held that it is not necessary to justify such a charge that the evidence to that effect must be without conflict, none of the requirements of the principle as above stated were

modified. Walker v. State, 220 Ala. 544, 126 So. 848; Madison v. State, 196 Ala. 590, 71 So. 706; Matthews v. State, 192 Ala. 1, 68 So. 334.

■ Refused charges 5, 7, 8, 9, and 12 all leave out some of the elements required by the rule which exempts the defendant from the duty to retreat.

■ The other refused charges were either embraced in the oral or some other given charge, or were clearly contrary to some well-established principle, and we do not think it necessary to discuss them.

■ The newly discovered evidence in one aspect related to the physical appearance of the wound on deceased, to show that it was larger in the rear than in the front of his leg, as evidence of the fact that the charge of shot entered in front, causing a smaller wound there, than in the rear. We have carefully considered all the affidavits, and do not think they show that defendant, or some one for him, used sufficient diligence in this respect. That he was in jail does not justify such failure of diligence. The evidence does not appear to have been discovered by chance, but was presumably due to the efforts of some one within a few days after the trial. Such evidence must not be merely impeaching or cumulative, but sufficient probably to change the result. The newly discovered evidence was of such type as "may be discovered in almost any case," and was not such as to call for a new trial under our well-settled rules. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Fulwider v. Jacob, 221 Ala. 124, 127 So. 818.

Our judgment is that the record shows that the trial was free from reversible error, and that defendant was awarded every legal right.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.