## HOLLINGSWORTH v. STATE.

### 7 Div. 167.

Supreme Court of Alabama.

June 8, 1933.

Riddle & Riddle, of Talladega, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

BROWN, Justice.

The evidence shows without dispute that the appellant intentionally shot and killed Arthur Horn with a double barrel shotgun. The defendant offered some evidence tending to show self-defense, and under the evidence, the guilt or innocence of the defendant was for the jury. The affirmative charge in its several forms, requested by the defendant, was, therefore, properly refused. The principle asserted in charge N is not applicable to trials for murder. Charge H is argumentative and was well refused for that reason. Moreover, the proposition of said charge was embodied in charges R and I, given for the defendant.

Charge 49, refused to the defendant, was fully covered by the court's oral charge and given charges 51, R, and Q.

Charge 20, refused to the defendant is unsound and has been repeatedly condemned.

Refused charges 19, 25, 36, and 40 were properly refused as argumentative. Stevens v. State, 138 Ala. 71, 35 So. 122. These charges, however, were covered by given charges 2, 32, 33, and 43.

Charges 9 and 24, if not otherwise objectionable, are abstract.

Refused charge 31 is covered by charges 4, 13, and 45.

Refused charge 15 pretermits consideration of all the evidence. Charge 14 was covered by given charges P, 8, and 16.

Refused charge 10 was fully covered by given charges 45, 46, 39, 44, 23, 33, and 29.

Charges V, T, and U single out and give undue prominence to certain phases of the evidence. Ross v. State, 139 Ala. 144, 36 So. 718. Moreover, the substance of these charges was covered by given charge W.

We have examined the several rulings on the admission and rejection of evidence, and find nothing that warrants a reversal of the judgment of conviction.

There being no reversible errors apparent in the record and proceedings of the trial court, the judgment of conviction will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.