168 So. 193

### BLANKENSHIP v. STATE.
### 8 Div. 226.

Court of Appeals of Alabama.

Feb. 18, 1936.

Rehearing Denied March 24, 1936.

Wall & Creel, of Athens, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, Judge.

It is difficult to make a satisfactory statement of the facts incident to and surrounding the homicide in this case, due in large measure to the unintelligent and disconnected manner in which the witnesses detailed the affair. This may be partly due to the fact that the killing took place at night and some of those present were under the influence of whisky. The jury had all of the witnesses before them to observe their manner, their intelligence, and generally judge from the atmosphere of the trial where the truth was.

There was ample evidence, if believed beyond a reasonable doubt, to sustain the verdict rendered, and therefore grounds 1, 2, 3, 4, 5, 6, and 7 of the motion for a new trial were not sustained.

There were a number of objections and exceptions raised to questions asked by the solicitor on cross-examination of defendant's witnesses, who testified to character, as to what they had heard regarding defendant's character. The rulings on the questions were free from error. It is always permissible to test a witness as to his estimate of character. The testimony thus given is for the purpose of letting the jury know on what the witness bases his estimate of character.

Other rulings on the admission of evidence were either free from error or were without injury to defendant's cause.

The ground set out in the motion for a new trial that there was newly discovered evidence is not sustained by the affidavits offered. A new trial in a criminal case is properly refused where alleged newly discovered evidence is simply cumulative and impeaching and not likely to change the result on a second trial. 8 Alabama and Southern Digest, Crim.Law, ⬿ 938.

We find no error in the record that would warrant a reversal, and the judgment is affirmed.

Affirmed.