197 So. 665

## BROCK v. SHIRLEY.

### 7 Div. 516.

Court of Appeals of Alabama.

Aug. 6, 1940.

J. A. Johnson, of Fort Payne, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

BRICKEN, Presiding Judge.

Appellant brought suit against appellee upon a promissory note for $580. Said note was dated March 22, 1937, and was payable 60 days after date. The suit was filed on November 17, 1938, and plaintiff acknowledged two credits on the note; one for $78.30 and the other for $81.70.

The defendant in answer to the complaint interposed two pleas: (1) That the note had been settled and paid in full before suit was brought thereon, and (2) that before the suit was commenced said note was settled and satisfied, which settlement and satisfaction the plaintiff had accepted. In other words, the defendant plead "payment," and "accord and satisfaction."

Upon the trial the plaintiff offered evidence tending to prove the allegations of his complaint; and the defendant offered evidence tending to prove the allegations of his pleas of payment, or accord and satisfaction.

The case was submitted to the jury under a clear and concise charge of the law, applicable to the pleadings and proof, and also under a special charge requested by plaintiff as to the burden of proof under defendant's plea of accord and satisfaction, and under two special charges requested by the defendant to the effect that if the plaintiff, before the commencement of the suit had received and accepted certain fertilizer in settlement of the note, then the jury should find a verdict in favor of the defendant.

The issue between the plaintiff and defendant, under the pleadings and proof was clear cut and plainly for the determination of the jury. The jury returned a verdict in favor of the defendant and judgment was accordingly pronounced and entered.

After judgment was rendered, the plaintiff filed his motion for a new trial upon the grounds that the verdict was contrary to the law and evidence, etc., and that the trial court erred in allowing defendant to introduce certain generally referred to testimony; and, lastly, upon the grounds of newly discovered material evidence.

The court overruled and denied the motion for a new trial, and from this action, and also from the final judgment, plaintiff took this appeal.

There are seven assignments of error. These assignments are very general in their nature, but we have examined

and considered each of them. With respect to the testimony covered by the 1st, 2nd and 3rd assignments of error, it is sufficient to say that if the trial court erred in admitting the testimony objected to, it was error without injury. The matters inquired about and to which objection was made had no real bearing upon the issue in the case and were perfectly harmless.

It is admitted that defendant's plea of accord and satisfaction was omitted from the record in the case and that admission is signed by counsel for appellant and appellee. The plea itself is made a part of the agreement, and the agreement is part of the record in this case. This agreement renders it unnecessary to consider assignment of error No. 2.

The 6th assignment of error is that the trial court erred in not giving the affirmative charge (for whom, not stated) under the pleadings and proof in the case. We do not find from the record, or elsewhere, that the affirmative charge was requested by either party.

The 7th assignment of error is entirely too general for this court to consider.

 The 4th and 5th assignments are based upon the judgment of the trial court in overruling and denying plaintiff's motion for a new trial. We have examined and considered all of the testimony set out in the bill of exceptions. It is the opinion and judgment of this court that there was ample evidence introduced by the defendant upon the trial of the case to justify and warrant the verdict of the jury, if the jury believed that evidence. The jury was the sole judge of the credibility of the oral testimony. The trial court refused to disturb the verdict of the jury upon the ground that it was contrary to the evidence, and this action of the trial court we are unwilling to disturb.

With respect to the motion for a new trial based upon the ground of newly discovered evidence, the decisions of this court, and of the Supreme Court, are to the effect that such a motion is largely addressed to the sound discretion of the trial court, and will be granted only where the movant shows use of due diligence before the trial, and that such evidence will probably change the result. Hopkins v. Harrison, 228 Ala. 180, 153 So. 255; London & Lancashire Ins. Co. v. McWilliams, 218 Ala. 503, 119 So. 15; General Accident Fire & Life Ins. Co. v. Shields, 9 Ala.App. 214, 62 So. 400.

Most of the newly discovered evidence relates to the general reputation, or character, of the defendant. Surely the relevancy of that testimony must have been known to the plaintiff, or to his counsel, before the trial of the case, and by the exercise of reasonable diligence upon the part of plaintiff he could most certainly have produced those witnesses at the trial of the case. The remaining alleged newly discovered evidence this court deems to be of little, if any, weight. We are, therefore, unwilling to declare that the trial court committed reversible error in overruling and denying the plaintiff's motion for a new trial.

After due consideration of all questions properly presented by appellant upon this appeal, it is the opinion and judgment of this court that the judgment appealed from should be, and the same is hereby, affirmed.

Affirmed.