198 So. 451

**ADAMS v. STATE.**

8 Div. 973.

Court of Appeals of Alabama.

Nov. 6, 1940.

Griffin & Ford, of Huntsville, for appellant.

Thomas S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

548

SIMPSON, Judge.

From a judgment of conviction of murder in the second degree, defendant brings this appeal.

■ Upon trial, the evidence for the State was ample to support the verdict, whereas that for the defendant strongly negatived the fact of guilt of homicide in any degree. The issue was thus plainly for the determination of the jury and this court cannot sit as one of original trial and thereby supplant its findings.

■ With respect to the motion for a new trial, predicated upon newly discovered evidence, the authorities are uniform that in such case decision thereon largely rests within the sound discretion of the trial court. Patterson v. State, 224 Ala. 531, 141 So. 195; Brock v. Shirley, Ala.App., 197 So. 665.[1] Such new evidence, to authorize a new trial, must be not merely impeaching or cumulative but sufficient to probably change the result. Cosby v. State, 202 Ala. 419, 80 So. 803; Collins v. State, 217 Ala. 212, 115 So. 223; Scruggs v. State, 224 Ala. 328, 140 So. 405; Welch v. State, 28 Ala.App. 273, 183 So. 879; Brock v. Shirley, Ala.App., supra. Assuming that the defendant did not offend the rule of diligence in procuring evidence for his trial, the new evidence submitted in support of his motion was only either cumulative or in inpeachment of the testimony of the State's witnesses, and this court cannot say that the result would probably have been different had he the benefit of this evidence at his trial. Viewing the record in its entirety and according due consideration to the able argument of appellant's counsel, it is the opinion of this court that the trial court was justified in overruling the motion for new trial, the appellant's evidence supporting it having failed to meet the test ruled by the authorities, supra.

■ Reversal is also urged because of the asserted improper conduct of the trial judge, who, when qualifying the jurors, allegedly refused to allow the defendant to assert his rights guaranteed by Section 8662, Code 1923. Pretermitting the question of the propriety of the court's action in this regard, a review of the point cannot be here invoked because the bill of exceptions fails to show that exception was presently reserved to the stated action of the trial court. Solnick v. Ballard, 218 Ala. 206, 118 So. 381; Jones v. State, 77 Ala. 98; Birmingham Ry., Light & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543. This matter appears solely in the defendant's motion for a new trial, presumably supported by an ex parte affidavit of one present in the courtroom at the trial. We know of no rule of procedure which permits a party litigant to present an exception, which should appear in the bill of exceptions, in such manner and thereby evade the rule declared by the authorities, above, that to put the trial court in error the bill of exceptions should disclose that its ruling was appropriately invoked promptly upon the supposedly improper action.

■ Were the procedure adopted by appellant permitted, numerous exceptions pending trial could be manufactured and first presented (with supporting ex parte affidavits) in the motion for a new trial. Such a motion cannot be so employed. Schrimsher v. Carroll, 225 Ala. 188, 142 So. 547.

This court, after attentive consideration of the entire record, is of the opinion that affirmative and substantial error to the defendant does not appear and we so hold. Judgment is accordingly affirmed.

Affirmed.

[1] Ante, p. 449.