6 So.2d 461

**OSBORN v. STATE.**

6 Div. 737.

Court of Appeals of Alabama.

Feb. 3, 1942.

Rehearing Denied Feb. 17, 1942.

Thos. S. Lawson, Atty. Gen., Francis M. Kohn, Asst. Atty. Gen., and Still Hunter, Solicitor, of Jasper, for the State.

Fite and Fite, of Hamilton, and Arthur Fite, of Jasper, for appellant.

SIMPSON, Judge.

The indictment charges murder in the first degree, for the killing of one Walter Norris. The defendant also killed another during the progress of the affray, but for that he was not here tried. In addition to the general issue, which embraced a claim of self-defense, the special plea of insanity was interposed. Trial resulted in a conviction of murder in the second degree and a sentence of twelve years' imprisonment.

Consistent with our duty in such cases, we have carefully scanned the record for error, whether argued or not, but find that all questions of any importance or meriting our separate treatment are those forcefully presented by counsel in brief. We, therefore, confine discussion to these inquiries.

One insistence of error, seemingly passed over by appellee as inconsequential, is the refusal of the trial court to permit the defendant, on direct examination, to answer the question, "Where were you sent when you were in the war?" Appellee is mistaken, that "no exception was reserved." Exception was duly taken, so the question of whether or not error prevailed is presented.

Reliance for error is upon the oft quoted statement that, in inquiries as to sanity or insanity, "every act of the party's life is relevant to the issue." Howard v. State, 172 Ala. 402, 55 So. 255, 257, 34 L.R.A., N.S., 990; 1 Green. on Ev. 16th Ed., p. 58.

Under the special plea (insanity), the trial court, in respect to this rule, might well have allowed the question answered without substantial prejudice to the State. But that error is manifest by its refusal cannot be affirmed. As of course, to declare a reversal, prejudicial error must affirmatively appear. Freeman v. State, ante, p. 99, 1 So.2d 917, 920; Ala. Digest, Crim.Law, ☞1141(2).

Text writers generally agree that evidence on the issue of insanity, and the limit of time within which prior or subsequent condition is to be considered, rest chiefly in the discretion of the trial judge. This rule is well supported by the authorities cited in the various texts. 2 Wigmore on Evidence, Vol. 1, Section 233, p. 491; Wharton Crim.Ev., 11th Ed., Vol. 1, Section 318, p. 432; 4th Underhill's Crim.Ev. (Niblack), Section 306, p. 606; 14 R.C.L., Section 71, p. 620; Brothers v. State, 236 Ala. 448, 452, 183 So. 433, 435.

Appropriate, also, to the instant proposition is a statement in Underhill's, supra: "The evidence of the insanity or mental weakness of the accused prior to the crime ought to be rejected if too remote in point of time;" and in the Brothers case, supra: "This is not to say the court has no discretion as to the length to which these matters may be drawn out."

A careful study of the evidence on this point leaves us certain that the trial court, in excluding answer to this single question, did not so offend the "wide latitude" rule, prescribed in cases of this character, as to warrant a reversal of the cause.

Aside from the remoteness in time of the defendant's war service (about twenty-two years), he was permitted to relate, in considerable detail, the fact of his having been in the service during the World War and of an injury (not wound) while in that service; his confinement since said injury in various hospitals of the country; and the effect which such injury seemingly has superinduced. We do not think, therefore, that there was such injury to defendant or such an abuse of discretion in the ruling aforesaid as to authorize a reversal.

The trial court refused to charge the jury upon the constituents of manslaughter in the second degree, after having been orally requested to do so by counsel for defendant. This action is strenuously pressed upon us as reversible error. We, however, do not accord with this insistence. There is no evidence upon which to justify the giving of such instructions. All of the evidence points definitely to the fact that the defendant intentionally shot and killed the deceased. There is no testimony tending to show that all of the shots were not intentionally fired by him, except the testimony of the defendant, himself. He claims that, due to a physical impairment, the last shot was accidently fired in the ground at his feet. Manifestly the deceased was not harmed by this last shot, but by the other, previous shots, which the defendant intentionally fired. There being no fact or circumstance in evidence tending to show other than an intentional killing with the pistol, instructions with reference to manslaughter in the second degree would have been abstract and im-

proper. Cole v. State, 16 Ala.App. 55, 57, 75 So. 261; Stoball v. State, 116 Ala. 454, 460, 23 So. 162; Whitehead v. State, 206 Ala. 288, 292, 90 So. 351; Houston v. State, 208 Ala. 660, 663, 95 So. 145.

■■ Furthermore, refusal of the court to give instructions, orally requested, is not revisable on appeal. All charges moved for by either party must be in writing. Such is the situation here, so there is nothing subject to review. Code 1940, Title 7, Section 273; Mason v. State, 19 Ala.App. 473, 98 So. 137; Burden v. State, 20 Ala. App. 387, 102 So. 464; Norris v. State, 229 Ala. 226, 239, 156 So. 556.

Stress is laid for a reversal upon the refusal of certain special written charges of the defendant. The record is rather voluminous, comprising one hundred and fifty-four transcript pages. Of the eighty-nine written charges requested by the defendant, all but thirty-five were given. These given charges, in connection with the lucid and exhaustive oral charge of the learned trial judge, completely covered the law in the case. Those refused were either incorrect statements of the applicable law, or were fairly and substantially covered in the other instructions, oral and written, which were given.

We limit discussion to those refused charges upon which appellant lays especial emphasis and endeavor to demonstrate the propriety of their refusal.

■ Refused Charge 5 has been specifically condemned by this court. Its tendency is to mislead. Crumley v. State, 18 Ala.App. 105, 89 So. 847.

■ Charge 3, refused, is covered elsewhere in the other instructions and is substantially the same as Charge 16; Charge 23 is substantially and fairly covered in the general oral charge and in certain given charges, among which are 6, 11, 22, and 72. Refusal of these charges, therefore, was innocuous. Code 1940, Title 7, Section 273.

■ Charge 54 was correctly refused since the presumption of innocence does not necessarily attend the defendant throughout the entire trial, but only until it is overturned by evidence which convinces the jury of guilt beyond a reasonable doubt. Waters v. State, 117 Ala. 108, 112, 22 So. 490; McClain v. State, 182 Ala. 67, 81, 62 So. 241.

■ Refused charges numbered 17, 33, 75, and 86 are so-called "supposition charg-

es" and have been denounced by our Supreme Court as improper expositions of the law. Richardson v. State, 191 Ala. 21, 28, 68 So. 57; Hollingsworth v. State, 227 Ala. 54, 148 So. 845.

■ Refused Charge 61, other defects aside, fails to predicate the conclusion of the "single juror" upon the evidence.

■ Charge 71 was correctly refused because findings should be predicated upon all the evidence. Welch v. State, 156 Ala. 112, 118, 46 So. 856.

■ The final proposition is that the motion for new trial should have been granted. All matters therein urged have been treated, above, except that dealing with newly discovered evidence. What this court said in Adams v. State, 29 Ala.App. 547, 198 So. 451, 452, is apposite here and sufficiently disposes of this insistence:

"With respect to the motion for a new trial, predicated upon newly discovered evidence, the authorities are uniform that in such case decision thereon largely rests within the sound discretion of the trial court. Patterson v. State, 224 Ala. 531, 141 So. 195; Brock v. Shirley, 29 Ala.App. 449, 197 So. 665. Such new evidence, to authorize a new trial, must be not merely impeaching or cumulative but sufficient to probably change the result. Cosby v. State, 202 Ala. 419, 80 So. 803; Collins v. State, 217 Ala. 212, 115 So. 223; Scruggs v. State, 224 Ala. 328, 140 So. 405; Welch v. State, 28 Ala.App. 273, 183 So. 879; Brock v. Shirley, Ala.App., supra. Assuming that the defendant did not offend the rule of diligence in procuring evidence for his trial, the new evidence submitted in support of his motion was only either cumulative or in impeachment of the testimony of the State's witnesses, and this court cannot say that the result would probably have been different had he the benefit of this evidence at his trial. Viewing the record in its entirety and according due consideration to the able argument of appellant's counsel, it is the opinion of this court that the trial court was justified in overruling the motion for new trial, the appellant's evidence supporting it having failed to meet the test ruled by the authorities, supra."

Careful consideration has been given each ruling of the court. We have discussed in detail the several propositions of law insisted upon by counsel for appellant. After searching the record for error and ac-

cording due consideration to the brief and argument of able counsel, presented in behalf of appellant, we are strongly persuaded that no reversible error is shown and that the judgment below should be affirmed.

Affirmed.