7 So.2d 579

HEATH v. STATE.

7 Div. 588.

Court of Appeals of Alabama.
March 3, 1942.

Rehearing Denied March 24, 1942.

Frank Head and L. H. Ellis, both of Columbiana, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This appeal is from a conviction of grand larceny. Subject of the theft was a quantity of lumber, stolen from the lumber shed of Montevallo Lumber Company. A day or two later, the defendant was found in possession of the property. Explanation of his possession thereof was that he had purchased it, the night before its discovery, from an unknown party.

■ On a trial for larceny, the corpus delicti having been established, the unexplained possession by the defendant of the recently stolen property is a fact from which the jury may infer his guilt. The onus of explaining this possession was upon the defendant. Bryant v. State, 116 Ala. 445, 23 So. 40; 13 Alabama Digest, Larceny, 64(1). In charging the jury that such was the settled law, the trial court was correct.

■ The sufficiency of his explanation of possession of the stolen property was a question for the jury. Bryant case, supra; Driggers v. State, 29 Ala.App. 167, 193 So. 878; Richardson v. State, 29 Ala. App. 403, 197 So. 92.

The whole record impresses us as strikingly free of error, and the case peculiarly one which presented the single question, the guilt or innocence of the defendant. This, as stated, was for the decision of the jury.

The three adverse rulings of the court upon the evidence were correct and nothing further need be said as regards the main trial.

■ It is our further conclusion that, as to the action of the trial court in overruling the motion for a new trial predicated upon newly discovered evidence, this court cannot, and should not, disturb it.

Conceding, without deciding, that movant did not offend the rule of diligence in failing to produce this evidence in the main trial (7 Alabama Digest, Criminal Law, ☜939(1)), we cannot say that this new evidence would have probably changed the result of the verdict had it been there, seasonably, presented. McDowell v. State, 238 Ala. 101, 189 So. 183; Brock v. Shirley, 29 Ala.App. 449, 197 So. 665. It is true that, upon this hearing, the defendant produced the party who purportedly had sold him the lumber in question, thus to support his explanation of innocent possession. Nevertheless, to rebut this testimony, the State offered proof of previous contradictory statements by this new witness in impeachment of his testimony and, also, evidence which tended to impugn his veracity.

■ On appeal, in reviewing the refusal of the motion for a new trial, the appellate courts will indulge every presumption in favor of the correctness of the ruling of the trial judge on the motion. Davis v. State, 29 Ala.App. 421, 198 So. 153.

And, in such cases, decision thereon rests largely within the sound discretion of the trial court. Adams v. State, 29 Ala.App. 547, 198 So. 451.

So, testing this new evidence by these principles of law, we cannot say that there was such an abuse of discretion by the trial judge, who saw and heard the witnesses, as would authorize us to declare a reversal in his denial of the motion for a new trial.

The whole case considered, and according due consideration to the brief and argument submitted by able counsel for appellant, it is the opinion and judgment of this court that the case should be affirmed.

Affirmed.