49 So.2d 320

## KEEL v. STATE.

### 5 Div. 323.

Court of Appeals of Alabama.

Dec. 5, 1950.

Wilbanks & Wilbanks, of Alexander City, for appellant.

J. Sanford Mullins and Wm. I. Byrd, of Alexander City, for appellee.

CARR, Judge.

The appellant is charged with bastardy upon complaint made by Mildred Brown. In the circuit court the issue was found in favor of the State.

Insistence is made that the circuit court did not acquire jurisdiction of the cause on account of the failure of the solicitor to file a complaint as required by Title 15, Sec. 363, Code 1940.

Title 6 of Code 1940 provides for the necessary steps in a bastardy proceeding. Sec. 10 of this title is:

"The court, on the appearance of the accused, must, if he demand it, cause an issue to be made up, to ascertain whether he is the real father of the child or not."

We held in Harris v. State, 28 Ala.App. 23, 177 So. 311, that bastardy cases are quasi criminal and that the rules as to evidence and pleadings are governed by rules of civil procedure.

In the early case of Hanna v. State, 60 Ala. 100, the Supreme Court held: "When the magistrate has taken a bond, and in writing approved it, and filed it in the Circuit Court, this is sufficient evidence that he satisfied himself it ought to have been taken. And according to the terms of the statute (Sec. 4073) (now Sec. 4, Title 6), nothing more is necessary to enable the Circuit Court, a court of general juris- diction, to take cognizance of a cause like the present, than the filing of the bond and affidavit, the latter being the 'complaint' mentioned in that section, and the 'complaint on oath' mentioned in section 4071 (now Sec. 1, Title 6). Upon these, the court is authorized to proceed, as in the present instance it did, by causing an issue to be made up, and tried by a jury."

In bastardy proceedings the only issue before the jury in the circuit court is whether or not the accused is the father of the bastard child. Oliver v. State, 31 Ala.App. 146, 13 So.2d 891.

Technical rules are not required in proceedings of this nature. Coan v. State, 25 Ala.App. 62, 141 So. 262; Owens v. State, 21 Ala.App. 321, 108 So. 654.

We hold that reversible error cannot be predicated on this insistence.

Assignment of error number 6 is:

"The trial court erred in admitting over appellant's objection testimony regarding prosecutrix' intercourse with appellant outside the period of gestation, (Record, Page 8)"

This is not sufficiently specific to meet the demands of the rule. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94; Hall v. Pearce 209 Ala. 397, 96 So. 608.

This aside, we find on page 8 of the record that appellant interposed objections to two questions. The first objections came after the question was answered. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633. In the second instance counsel did not reserve an exception to the ruling of the court. Bennett v. State, 248 Ala. 664, 29 So.2d 217.

Clearly the accused was not entitled to the general affirmative charge. Therefore written instruction numbered 1 was properly refused.

The physician who attended the prosecutrix at the birth of the child testified that in his opinion the baby was not prematurely born.

The mother testified that she began sexual relations with the appellant in December 1948 and continued at intervals until

in March 1949. She stated also that she first missed her menstrual period March 9, 1949. On cross examination she did testify that she last menstruated on March 9, but she immediately corrected her answer by stating: "In February was when I menstruated last. I missed March 9th." The baby was born November 10, 1949.

It is evident that in view of this state of the evidence, the refusal of written charges 6, 8, and 9 was proper.

Among the grounds for a motion for a new trial is newly discovered evidence.

This ground finds evidential support in three affidavits, one by Aaron Taunton, one by Joe Dean, and the other by the appellant. The latter was to the effect that affiant made every effort to obtain evidence before his trial and he did not learn or have reason to believe that Taunton and Dean had acts of sexual intercourse with the prosecutrix at any time prior to November 10, 1949.

According to the affidavits of Taunton and Dean, each of them did have sexual intercourse with the mother of the child. It appears that this was at a dance at Camp Martin on February 19, 1949. Dean claimed that his relationship occurred near a spring below the camp. Taunton deposed that he met the couple as they were returning from the spring and prosecutrix joined him and they had intercourse in Dean's car near by. It appears that the appellant was at the dance and that he accompanied the prosecutrix to the party.

■ In order to authorize the granting of a motion for a new trial on the ground of newly discovered evidence, it must appear that the new evidence is material; that it has been discovered since the trial in the circuit court; that it could not have been discovered before the trial by the exercise of due diligence; that it is not merely impeaching or cumulative; and that it is of such potency that by its introduction at another trial a different result will probably follow. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Morris v. State, 25 Ala.App. 156, 142 So. 592.

■ We will pretermit consideration of any of the elements of the doctrine with the exception of the last two delineated above.

The testimony of the prosecutrix was to the effect that she had sexual intercourse only with the appellant and this relationship continued through the period of time which we stated supra.

The accused did not specifically deny this accusation. In this aspect, he testified on direct examination:

"Q. Did you have intercourse with her between the 20th of February and March 1949? A. I don't think so.

"Q. Well you got to know, tell this Jury whether you did or not—She testifies you did. A. Well I had so many, I don't remember."

The testimony of these two persons was the only evidence relating to the sexual relations.

Clearly the newly discovered evidence disclosed by the affidavits could only have had the effect of impeaching the testimony of the prosecutrix.

Very likely, also, the trial judge concluded that the verdict would not have been different if this new evidence had been before the jury. The record certainly sustains such a view.

■ Much must be left to the sound discretion of the trial judge in his action in denying the motion. Slaughter v. State, 237 Ala. 26, 185 So. 373; Welch v. State, 28 Ala.App. 273, 183 So. 879; Osborn v. State, 30 Ala.App. 386, 6 So.2d 461.

We are clear to the conclusion that we should not disturb this discretion and judgment in the instant case. The following authorities lend support to our view. Cosby v. State, 202 Ala. 419, 80 So. 803; Scruggs v. State, 224 Ala. 328, 140 So. 405; Blankenship v. State, 27 Ala.App. 140, 168 So. 193; Adams v. State, 29 Ala.App. 547, 198 So. 451.

The judgment of the court below is due to be affirmed. It is so ordered.

Affirmed.